Clarence CRESSMAN, Administrator of the Goods, Chattels and Credits which were of Sally Cressman, deceased, Plaintiff,

v.

UNITED AIR LINES, Inc., and Trans World Airlines, Inc., Defendants.

United States District Court
S. D. New York.
Jan. 31, 1958.

Speiser, Smith & O'Brien, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, for defendant Trans World Airlines, Inc., P. G. Pennoyer, Jr., New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

By this motion defendant Trans World Airlines, Inc. seeks to transfer the action pending against it and co-defendant United Air Lines, Inc., from the Southern District of New York to the Western District of Missouri in Kansas City, pursuant to Section 1404(a), 28 U.S.C.A.[1]

This is a wrongful death action arising out of the Grand Canyon aviation

1. Section 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

crash of June 30, 1956, in which 128 people were killed. On the day in question, the deceased, Sally Cressman, boarded at Los Angeles, California, a plane owned and operated by defendant T.W.A. en route to Kansas City, Missouri. While passing over the Grand Canyon, Arizona, the T.W.A. plane collided in mid-air with a plane owned and operated by defendant United Air Lines. Both planes plummeted to earth, leaving no survivors or eyewitnesses to the accident.

Plaintiff, Clarence Cressman, the father and administrator of the estate of Sally Cressman, is a resident of the County of Leavenworth, Kansas, as was the deceased Sally Cressman. The moving defendant is a Delaware corporation licensed to do business and having its executive offices in New York. Defendant, United Air Lines, which has neither joined in nor opposed its co-defendant's motion to transfer[2] is also incorporated in Delaware and licensed to do business in New York.

T.W.A. asserts that the Western District of Missouri will prove to be the more convenient forum from the standpoint of accessibility to both witnesses and sources of proof. An affidavit submitted on behalf of T.W.A. lists thirteen employee witnesses who participated in various stages of its investigation of the crash, nine of whom are presently located in Kansas City. The remaining four are based at points west of Kansas City. In addition T.W.A. lists eight prospective witnesses who can testify to the circumstances surrounding the accident. Of these, three reside in Kansas City and the remainder in various cities further west.

T.W.A. avers that the witnesses it will seek to utilize on the question of damages will most probably come from Leavenworth County, Kansas, where the deceased resided and where her parents still reside. Since Leavenworth County is no more than 30 or 40 miles from Kansas City, these witnesses, should they prove reluctant to testify, would be within the reach of compulsory process from that district.[3]

T.W.A.'s affidavit further asserts that its flight training, dispatching and meteorology departments were at the time of the accident, and still are centered in Kansas City and that the records of the fatal flight necessary for trial must be obtained from these Kansas City offices.

In opposition to the motion, plaintiff can point to only one witness located in the New York area. That witness is Mr. Sam Tour, a consulting materials and chemical engineer, who will testify as an expert concerning the relative positions of the airplanes at the time of the accident. Plaintiff's opposition to the motion, however, is bottomed principally on considerations unconnected with the location of documents or witnesses. His argument is twofold: (1) because he has engaged New York counsel to prosecute this action, the granting of this motion would require plaintiff to employ other counsel, thus subjecting him to additional expense;[4] (2) inasmuch as at least three other cases arising out of the Grand Canyon accident are presently pending in this district, the interests of justice would be better served by retain-

---

2. However, in its answer to the complaint, United Air Lines "objects to the maintenance of this action against it within the Southern District of New York and requests the Court to decline jurisdiction of this action."

3. While it may be true, as plaintiff asserts, that a "significant part" of the evidence reflecting on the issue of damages will be found among decedent's circle of friends in Lincoln, Nebraska where she attended school, still this in no way

rebuts defendant's contention that as between Kansas City and New York, the former is the more convenient forum from this standpoint.

4. It should be noted that T.W.A. first noticed its motion less than a month after the commencement of the action. There has been no pre-trial activity and no depositions have been taken. Thus T.W.A. did not sit back and permit plaintiff to assume unnecessary expenses.

ing the instant action here. The principal reason advanced in support of this latter contention is that should the case proceed to trial in New York, plaintiff's counsel will be able to share expenses with counsel in the other pending actions, thus reducing the cost of prosecuting plaintiff's suit.

 Under Section 1404(a) it is clear that the burden is upon the movant to show by a preponderance of the evidence that trial will more conveniently proceed and the ends of justice will be better served in the transferee district. Factors which may properly be considered in this regard are the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the cost and convenience of obtaining willing witnesses, and considerations of public interest. Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789; see Kaufman, Observations on Transfers under Section 1404(a) of the New Judicial Code, 1951, 10 F.R.D. 595. Further Observations on Transfers under Section 1404(a), 56 Colum.L.Rev. 1 (1956). Though plaintiff's choice of forum is a significant factor to be considered, where the plaintiff brings suit in a jurisdiction which is neither his home forum, nor has any connection whatever with the matter in controversy, that choice is to be accorded less weight than would ordinarily be the case. McHoney v. Marine Transport Lines, Inc., D.C.S.D.N.Y.1953, 117 F. Supp. 312, 319.

██ In the instant case I find that T.W.A.'s showing that all of its witnesses and documents would be more accessible from Kansas City far outweighs plaintiff's claims of inconvenience to him should trial proceed in New York. Nor do I find merit in plaintiff's argument premised on the inconvenience of counsel. This is not a relevant consideration under Section 1404(a). Molloy v. Bemis Bro. Bag Co., D.C.S.D.N.Y.1955, 130 F.Supp. 265, 269; United States v. Scott & Williams, Inc., D.C.S.D.N.Y.1950, 88 F.Supp. 531, 535. It will almost always be the case that the granting of a transfer motion will inconvenience counsel in the transferror district or necessitate the engagement of new counsel. Were this to be accorded much weight in motions of this type, Section 1404(a) would be rendered virtually nugatory.

 In view of the strong policy favoring the litigation of related claims in the same tribunal, plaintiff's second argument has somewhat more force. However, claims arising out of this accident are being prosecuted in several states throughout the country, including the state of Missouri. Therefore, I am of the opinion that the determination of the more appropriate forum for the litigation of this suit should be best made on its own merits, without indulging in speculation as to the ultimate alignment of the other actions.[5] Plaintiff may well find that there will be other actions commenced in or transferred to the Western District of Missouri, providing him with an opportunity to share expenses even after transfer. In any event, the fact that other similar actions are pending is only one among many relevant factors which the court must consider. See, e. g., Caldwell Manufacturing Co. v. Unique Balance Co., Inc., D.C.S.D.N.Y.1955, 18 F.R.D. 258; Petition of Texas Co., D.C. S.D.N.Y.1953, 116 F.Supp. 915; affirmed 2 Cir., 213 F.2d 479, certiorari denied Texas Co. v. U. S., 1954, 348 U.S. 829, 75 S.Ct. 52, 99 L.Ed. 653; Aircraft Marine Products, Inc. v. Burndy Engineering Co., D.C.S.D.Cal.1951, 96 F.Supp.

---

5. Plaintiff's argument is also premised in part on the proposition that in view of the pendency of the other actions in this district, defendant would have to bring its witnesses here in any event, and is therefore not further inconvenienced by preparing the instant case for trial in New York. However, there is no assurance that these cases will be consolidated, or for that matter that the other actions will proceed to trial in this district. Consequently, I am unable to conclude that defendant will have the witnesses it desires to call in New York, in connection with the other cases at the time the instant action proceeds to trial.

588. I do not find it sufficient here to overcome T.W.A.'s strong showing of inconvenience.

In sum, it would be difficult to find a forum more remote from this controversy than the one chosen by plaintiff to commence his action. Accordingly, I find that trial may far more conveniently go forward in the Western District of Missouri and the ends of justice will be better served by transfer. Motion granted. Settle order.