Margherita RODGERS, as Administratrix of the Estate of Jerry Bob Rodgers, Deceased, Plaintiff,

v.

NORTHWEST AIRLINES, INC., Lockheed Aircraft Corporation and General Motors Corporation, Defendants.

Daniel L. STEIN, as Administrator of the Estate of Edith Fineman, Deceased, Plaintiff,

v.

NORTHWEST AIRLINES, INC., Lockheed Aircraft Corporation and General Motors Corporation, Defendants.

Bertram SHRINE as Administrator of the Estate of Lucy Saxon Shrine, Deceased, Plaintiff,

v.

NORTHWEST AIRLINES, INC., Lockheed Aircraft Corporation and General Motors Corporation, Defendants.

United States District Court
S. D. New York.
Jan. 29, 1962.

Kreindler & Kreindler, New York City, for plaintiffs, Margherita Rodgers, Daniel L. Stein and Bertram Shrine; Milton G. Sincoff, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant, Northwest Airlines, Inc.; P. G. Pennoyer, Jr., New York City, of counsel.

Mendes & Mount, New York City, for defendant, Lockheed Aircraft Corp.; George W. Clark, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant, General Motors Corp.; Maurice L. Noyer, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

These three separate actions for wrongful death were commenced on March 15, 1961 in this district by the administrators of three passengers who were killed in the crash of a Northwest Airlines Lockheed Electra near Tell City, Indiana, on March 17, 1960. Jurisdiction is based on diversity of citizenship.

The actions are brought against Northwest Airlines, the carrier, Lockheed Aircraft Corporation, the designer and manufacturer of the aircraft, and General Motors Corporation, the designer and manufacturer of the engines and propellers. Plaintiffs claim that the accident was caused by the concurrent negligence of the three defendants. Northwest has cross-claimed against Lockheed and General Motors for indemnity in the event it is held liable to plaintiffs.

Defendant Northwest now moves under 28 U.S.C. § 1404(a) [1] to transfer the three actions to the District Court for the Northern District of Illinois, Eastern Division, sitting in Chicago, for the convenience of parties and witnesses and in the interests of justice. Both co-defendants join in the motions.

The accident out of which these three actions arose occurred during the flight of a Northwest Electra originating at Minneapolis en route to Florida with a stopover at Chicago. Shortly after leaving Chicago the plane broke up in flight near Tell City in Southern Indiana.

Nineteen death actions arising out of this accident are now pending in the United States District Court in Chicago. Two of these were commenced in other districts and were transferred to Chicago on defendants' motion under 28 U.S.C. § 1404(a). There is also a hull suit by Northwest against Lockheed and General Motors in that district in which Northwest claims that the accident was caused by structural failure resulting from negligence in the design and construction of the aircraft and engines. The actions in the District Court in Chicago have been assigned to a single judge for purposes of pre-trial proceedings.

Four death actions are also pending in the Illinois State Courts sitting in the Chicago area. In addition, four other death actions are currently pending in Chicago, but it is not clear whether they are in the federal or state courts. Five actions commenced in the New York State Supreme Court have been dismissed on the ground of forum non conveniens and in five other actions in that court it has been stipulated that dismissal will abide the outcome of the appeals in the

---

1. § 1404. Change of venue.
    (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

others. The only other death actions arising out of the accident appear to be two presently pending in the California State Courts sitting in Los Angeles and one in the United States District Court in Minneapolis.

None of the plaintiff administrators in the three actions brought in this district are citizens of New York and none of them reside in this district. Plaintiff Stein is a citizen and resident of Michigan, plaintiff Rodgers is a citizen and resident of Iowa, and plaintiff Shrine is a citizen and resident of Florida. The decedents were not citizens of New York or residents of this district.

None of the defendants are New York corporations and none of them have their principal place of business within this district though all are doing business here as well as in the Northern District of Illinois. There appears to be no dispute that this action could be brought against the defendants in only three districts—the Southern District of New York, the Northern District of Illinois, to which transfer is sought, and the Central District of California. There is thus no question that the action "might have been brought" in the Northern District of Illinois as required by § 1404(a). See Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

Defendant Northwest names fifteen witnesses whom it intends to call, only four of whom are its own employees. One is senior meteorologist at Minneapolis, two were passengers on the flight who left the plane in Chicago and two were eyewitnesses who observed the aircraft break up and fall. The four employed by Northwest, four employed by Lockheed and two by General Motors, have knowledge concerning either the design of Electra aircraft, the maintenance and servicing of the aircraft which crashed, or the competence and fitness of the members of its crew. Of these witnesses one resides in Chicago, two in Tell City, Indiana, two in Indianapolis, five in the Minneapolis-St. Paul area, one in Dayton, Ohio, and four in California.

Plaintiffs state they intend to call thirty-four witnesses who testified at the hearings on the accident before the Civil Aeronautics Board and who are essential to their cases. Plaintiffs rely particularly upon twelve witnesses residing in Washington, D. C. who are employees of federal agencies there and who will be called upon to give evidence as to facts concerning the accident within their knowledge. In addition to these twelve, plaintiffs list sixteen witnesses residing in the Los Angeles area, of whom three duplicate witnesses named by Northwest, two in Indiana also duplicate Northwest witnesses, one is in Michigan, one in Minnesota, one in Florida and one in Texas.

Chicago is much more accessible to almost all of the witnesses listed by defendant Northwest and plaintiffs than is this district. The total number of witnesses named is forty-four. Of these one resides in Illinois, four in Indiana, six in Minnesota, one in Michigan and one in Ohio. Thus thirteen of these witnesses live in an area from which Chicago is readily accessible. While the difference in the accessibility of Chicago and New York to the seventeen witnesses from California is not great, Chicago is certainly considerably nearer to them and it would cost less to transport them there. As to the twelve witnesses from federal aviation agencies living in Washington, it can make little difference whether they go to Chicago or New York, and the same can be said for the witnesses from Texas and Florida. It is noteworthy that not a single one of these witnesses lives in an area reasonably close to this district and none of them are within the subpoena range of this court.

As to thirty-one of the witnesses named, the trial of this action in Chicago would entail substantially less travel and be substantially less expensive for all parties. As to the others, there is for all practical purposes little, if any, significant difference.

Questions as to whether operating procedures and techniques were proper and whether there were faults in structure

and design are crucial elements of plaintiffs' cases. All of the maintenance, personnel and investigation records of Northwest concerning this accident are located at its principal offices in St. Paul, Minnesota. The engines of the plane were manufactured by General Motors at its plant in Indiana, where the records concerning the manufacture are kept. The aircraft itself was manufactured by Lockheed at its plant in California where those records are kept.

Thus, records from Minnesota, Indiana and California will be necessary at the trial and will have to be properly identified and perhaps explained. The records in Minnesota and Indiana would be much more accessible from Chicago than from New York and the comment previously made with respect to witnesses from California applies also to the records located there.

This action has no connection whatsoever with this district. The plaintiffs do not reside here nor did the decedents. The accident occurred relatively near Chicago and nowhere near here, and, in fact, the flight on which it occurred had taken off from Chicago.

The only link these actions have with this district is that the three defendants happen to be doing business here and the actions could therefore be brought in this court. Plaintiffs have not shown that any prejudice could result to them from transfer to Chicago and, indeed, that district should be more "convenient" for them than New York.

■ Under § 1404(a) the burden is on the party seeking transfer "to show by a preponderance of the evidence that the trial will more conveniently proceed and the ends of justice will be better served in the transferee district." Cressman v. United Air Lines, 158 F.Supp. 404, 407 (S.D.N.Y.1958).

■ Among the important considerations on such a motion are "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses * * *

and all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). See, also, Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); United States v. General Motors Corp., 183 F.Supp. 858 (S.D. N.Y.1960); Cressman v. United Air Lines, supra.

■ The defendant Northwest has demonstrated that the balance of convenience of parties and witnesses preponderates in its favor and there is no indication that this transfer will inconvenience the plaintiffs in any respect which is relevant.

■ Moreover, while plaintiffs' choice of forum must be given weight "where [as here] the plaintiff brings suit in a jurisdiction which is neither his home forum, nor has any connection whatever with the matter in controversy, that choice is to be accorded less weight than would ordinarily be the case." Cressman v. United Air Lines, supra, 158 F.Supp. p. 407.

■ Moreover, "[f]actors of public interest also have place" in determining whether a proposed transfer is in the interest of justice. See Gulf Oil Corp. v. Gilbert, supra, 330 U.S. p. 508, 67 S.Ct. 843. Here, the fact that there are at least nineteen death actions and Northwest's hull suit pending in the proposed transferee district, all of which have been assigned to a single judge for pre-trial purposes, is an additional factor which must be taken into account. There is a "strong policy favoring the litigation of related claims in the same tribunal * * *." Cressman v. United Air Lines, supra, 158 F.Supp. p. 407. While such factors are not controlling considerations they are relevant to the present inquiry and must be weighed in the balance. See, e. g., Chicago, Rock Island and Pacific Railroad Co. v. Igoe, 220 F.2d 299, 303 (7 Cir. 1955), cert. den. 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735; United States v. General Motors Corp., supra, 183 F.Supp. p. 860;

Coffill v. Atlantic Coast Line Railroad Co., 180 F.Supp. 105, 107–108 (E.D.N.Y. 1960); Sypert v. Bendix Aviation Corp., 172 F.Supp. 480, 486 (N.D.Ill.1958), petition for mandamus denied 266 F.2d 196, cert. den. 361 U.S. 832, 80 S.Ct. 82, 4 L.Ed.2d 74; Peyser v. General Motors Corp., 158 F.Supp. 526, 530 (S.D.N.Y. 1958); Cressman v. United Air Lines, supra, 158 F.Supp. p. 407; Winsor v. United Air Lines, 153 F.Supp. 244, 247 (E.D.N.Y.1957); United States v. E. I. DuPont De Nemours & Co., 83 F.Supp. 233, 235 (D.D.C.1949). But, see, e. g., Collins v. American Automobile Insurance Co., 230 F.2d 416, 419 (2 Cir. 1956), petition for certiorari dismissed 352 U.S. 802, 77 S.Ct. 20, 1 L.Ed.2d 37.

The benefits and advantages to all parties in having the related actions considered in one jurisdiction under one judge are obvious. Pre-trial proceedings can be conducted more efficiently, duplication of time and effort can be avoided and the benefit to witnesses and to the parties calling them in having them attend only once at one location is plain. Furthermore, to require defendants to relitigate the issue of liability in a number of forums would be vexatious and would not serve the ends of justice. The transfer of this case to the District Court sitting in Chicago is in the interest of sound judicial administration as well as speedier and more efficient disposition of the mass of litigation arising out of this accident. The phrase in § 1404(a) "in the interest of justice" requires that "[b]oth the interest of the parties to the lawsuit as well as society in general should be considered." Chicago, Rock Island and Pacific Railroad Co. v. Igoe, supra, 220 F.2d p. 303.

Considering all the factors I have mentioned it is plain that defendant Northwest has discharged its burden of showing that a transfer of these actions to the Northern District of Illinois, Eastern Division, would serve the convenience of parties and witnesses and would be in the interest of justice within the meaning of § 1404(a).

The motion of defendant Northwest, joined in by defendants Lockheed and General Motors, to transfer these actions to that district is granted.

Settle order on notice.