Ruth SCHINDELHEIM, individually as Administratrix of the Estate of Jack Schindelheim, Deceased, and as next friend and on behalf of Deborah Schindelheim, Joseph Schindelheim, Phillis Schindelheim and Georgette Schindelheim, Plaintiff,

v.

BRANIFF AIRWAYS, INC., Lockheed Aircraft Corporation and General Motors Corporation, Defendants.

Hilda SIEGEL, individually and on behalf of Barry Alan Siegel and Lois Carole Siegel, infants, and Paula Lee Siegel, Plaintiffs,

v.

BRANIFF AIRWAYS INCORPORATED, Lockheed Aircraft Corporation and General Motors Corporation, Defendants.

Evelyn UFFNER, individually and as Executrix of the Estate of George D. Uffner, Deceased, Plaintiff,

v.

BRANIFF AIRWAYS, INC., Lockheed Aviation Corporation and General Motors Corporation, Defendants.

Martha Ann MUMPER, as Administratrix of the Estate of Henry Donald Mumper, Deceased, Plaintiff,

v.

BRANIFF AIRWAYS INCORPORATED, Lockheed Aircraft Corporation and General Motors Corporation, Defendants.

United States District Court
S. D. New York.

Feb. 13, 1962.

**314**

Kreindler & Kreindler, New York City, for plaintiff, Ruth Schindelheim, Milton G. Sincoff, New York City, of counsel.

Speiser, Quinn & O'Brien, New York City, for plaintiffs, Hilda Siegel and Martha Ann Mumper, Stuart M. Speiser, Howard G. Law, Jr., New York City, of counsel.

Henry Alexander, Samuel Segal, New York City, for plaintiff, Evelyn Uffner, Philip Segal, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant, Braniff Airways, Inc., P. G. Pennoyer, Jr., New York City, of counsel.

Mendes & Mount, New York City, for defendant, Lockheed Aircraft Corp., Kenneth R. Thompson, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant, General Motors Corp., Maurice L. Noyer, Frederic L. Atwood, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

The widows of four passengers who were killed in the crash of a Braniff Airways Lockheed Electra near Buffalo, Texas, on September 29, 1959, bring these four actions in various capacities for the wrongful deaths of their husbands. The scheduled flight of the aircraft was from Houston, Texas, to New York International Airport, with stops at Dallas, Texas, and Washington, D. C. The crash occurred about 11:09 p. m., some thirty minutes after taking off from Houston en route to Dallas.

Defendant Braniff Airways (Braniff), an Oklahoma corporation, is the carrier and owner of the aircraft, Lockheed Aircraft Corporation (Lockheed), a California corporation, designed and manufactured it, and General Motors Corporation (General Motors), a Delaware corporation, designed and manufactured the engines and propellers. Plaintiffs contend that the accident was caused by the concurrent negligence of the three defendants which defendants, in their answers, deny.

Jurisdiction is based on diversity of citizenship.

General Motors now moves under 28 U.S.C. § 1404(a) [1] to transfer the four actions to the District Court for the Northern District of Texas, Dallas Division, for the convenience of parties and witnesses and in the interest of justice. Co-defendants Braniff and Lockheed join in the motion.

On January 29, 1962 I filed an opinion in the three cases of Rodgers, etc., Stein,

1. "§ 1404. Change of venue
  "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

etc., and Shrine, etc. v. Northwest Airlines, Inc., Lockheed Aircraft Corporation, and General Motors Corporation, 61 Civil 974, 975 and 976, 202 F.Supp. 309, directing the transfer of those cases to the Northern District of Illinois, Eastern Division, pursuant to § 1404(a), for the convenience of parties and witnesses and in the interest of justice. These cases arose out of the crash of a Northwest Airlines Electra near Tell City, Indiana, on March 17, 1960. Plaintiffs in those cases proceeded on the same general theory as the case at bar. The general principles governing transfer of cases of this nature under § 1404(a) are discussed in my opinion of January 29, 1962 and it is unnecessary to repeat that discussion here.

However, on the issues relating to transfer, there are substantial differences between the three Northwest cases and the four cases at bar which require a different result on the motions now before me.

In the Northwest cases neither the plaintiffs nor the decedents were citizens or residents of New York or of the New York area. They resided in Iowa, Michigan and Florida respectively. This district had no connection whatever with the matter in controversy. Thus the plaintiffs' choice of forum was accorded considerably less weight than would ordinarily be the case. See Cressman v. United Air Lines, 158 F.Supp. 404, 407 (S.D.N.Y.1958).

In contrast, in the cases at bar plaintiffs Uffner and Schindelheim are both residents of this district. Plaintiffs Siegel and Mumper are residents of New Jersey, living within forty miles of this court. With the exception of Jack Schindelheim, all of the decedents lived and worked in the New York metropolitan area at the time of their deaths. Though Schindelheim was living with his family in Texas when he was killed, he had resided in New York for many years before moving to Texas. Both his and his wife's parents are residents of

New York. Shortly after the crash his widow moved back to New York, where she now resides permanently. Plaintiffs Mumper, Schindelheim and Siegel have infant children requiring their care from whom they necessarily would be separated during the actual trial if required to prosecute these actions in the Texas District. For all of these plaintiffs the Southern District of New York is the most convenient and natural forum available in which to bring these actions.

It is a well-settled general rule that a plaintiff's choice of forum must be given substantial weight and will not be disturbed unless the balance of convenience and the interest of justice weighs heavily in favor of defendant. Lykes Brothers Steamship Co. v. Sugarman, 272 F.2d 679 (2 Cir.1959); Nicol v. Koscinski, 188 F.2d 537 (6 Cir.1951); Ford Motor Co. v. Ryan, 182 F.2d 329 (2 Cir.1950), cert. den. 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624. Where, as here, the forum of plaintiffs' choice is the most convenient and natural forum available, the defendants' burden is very substantial.

In the Northwest cases there was no showing that transfer to the Illinois District would inconvenience the plaintiffs in any relevant respect. In the cases at bar, however, almost all the plaintiffs' witnesses on the important question of damages are located within this district or are within the subpoena range of this court. In the Uffner, Siegel and Mumper cases the decedents were substantial businessmen in this area and the proof of damages will necessarily be rather extensive. At the time of Schindelheim's death he was in the business of selling diamonds which he obtained on consignment from two diamond merchants in New York, and it appears that they will be witnesses on the issues of damages in that case.

Thus, there are important issues in these cases which have distinct connection with this district and on which the balance of convenience strongly preponderates in favor of the plaintiffs.

On the issue of liability defendant General Motors lists twelve witnesses residing in Texas. Seven of these are described as "eyewitnesses" to the crash. The importance of their testimony is questionable since the aircraft broke up in the air in the dead of night. Another witness is an employee of the United States Weather Bureau concerning the weather forecast on the night of the flight. There should be no difficulty in taking his testimony by deposition.

Of the remaining four witnesses residing in Texas, three are employed by Braniff and one by General Motors. Their testimony relates to the mechanical condition of the aircraft prior to the accident, its fuel system, its maintenance history and Braniff's maintenance procedures. These witnesses are under the control of the defendants and can be readily produced in this district.

It may also be noted that the primary thrust of the plaintiffs' claims as to liability goes to alleged faults in the basic design of the Lockheed Electra, including its frame, propellers and engines. Testimony as to the maintenance and condition of this Electra prior to its final flight will constitute but a minor part of the total evidence bearing on plaintiffs' claims.

These are the only witnesses listed by defendants. It is likely, however, that the bulk of the evidence on the issue of liability will come from the numerous witnesses who testified before the Civil Aeronautics Board both on its investigations of the crash involved here and of the Northwest Airlines Electra crash. Plaintiffs have indicated their own reliance upon a large number of such witnesses and it is reasonable to suppose that defendants will rely on others. There is no showing that the convenience of any of such witnesses would be served by the transfer of the actions to Texas.

Nor is defendants' claim persuasive that the records essential to the trial of the action will be more readily accessible in Texas. The aircraft was delivered to Braniff in California only eleven days before the accident and had flown only one passenger flight prior thereto. There is no reason why there should be any difficulty in producing in New York such limited relevant records as may be located in Texas.

The essential records bearing on the design and structure of the aircraft are located in California where Lockheed had its plant and in Indiana where the engines were manufactured by General Motors, and are as readily accessible to this district as to Texas.

Thus, the preponderance of the evidence shows that, on the issue of damages, the trial will more conveniently proceed and the ends of justice be better served in this district rather than in the Texas district. On the issue of liability there is no marked balance of convenience in favor of transfer.

Defendants also urge that the action should be transferred because other actions arising out of this crash are presently pending in Texas. In this respect also the cases at bar are unlike the Northwest cases. While there is some dispute as to what cases are actually pending in the proposed transferee district, according to a list supplied by counsel for Braniff it appears that only the Braniff hull suit against Lockheed and General Motors is pending there. There are two other actions pending in the United States District Court for the Southern District of Texas. The other Texas actions arising out of the crash are in the state courts, sixteen in Harris County and three in Dallas County. There is also one action in the New York State Supreme Court.

This is in contrast to the Northwest cases where nineteen death actions representing the bulk of the litigation arising out of the Northwest Airlines crash were pending in the transferee court and had been already assigned to a single judge for pre-trial purposes. Though litigation of related claims in the same tribunal is favored (Cressman v. United Air Lines, supra, 158 F.Supp. p. 407) this is merely a factor to be weighed in the

balance. The posture of the cases arising out of this crash is not such as to make this consideration a significant factor in the cases at bar.

In view of what has been said, it is unnecessary to pass on the plaintiffs' contention that these actions may not be transferred since they could not have been brought originally in the Northern District of Texas under Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed. 2d 1254 (1960), though this question is by no means free from doubt.

The defendants have failed to sustain their burden of showing that the balance of convenience so heavily predominates in their favor as to overcome plaintiffs' choice of this forum and the convenience to the plaintiffs of trying the actions here. Indeed, a transfer to Texas under the circumstances shown would work an undue hardship on plaintiffs and would not be in the interest of justice.

The motions for transfer will therefore be denied in all respects.

It is so ordered.