**Phyllis O. MILLS, Plaintiff,**

v.

**COLGATE–PALMOLIVE COMPANY, Defendant.**

United States District Court
S. D. New York.

July 23, 1964.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for plaintiff; S. Hazard Gillespie, J. Roger Carroll, T. Richard Brown, New York City, of counsel.

Purdy, Lamb & Catoggio, New York City, for defendant; Edmund F. Lamb, William E. Fay III, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge:

Defendant moves under 28 U.S.C. § 1404(a) to transfer this diversity action for personal injuries to the Eastern District of Virginia, Alexandria Division, "[f]or the convenience of parties and witnesses, in the interest of justice."

At the time of the accident in which the injuries sued for occurred plaintiff Phyllis O. Mills was a citizen of Virginia and was domiciled with her parents in Middleburg, Virginia. She is still a citizen of that State. Defendant Colgate-Palmolive Company is a Delaware corporation authorized to do business in New York, and has its principal place of business here. It is also authorized to do business in Virginia.

The accident occurred on October 29, 1962 when a car driven by defendant's employee Floyd collided with the car which plaintiff was driving on Route 50 near Middleburg. Apparently Floyd was attempting to pass a truck proceeding in the same direction ahead of him. In so doing he swung out from behind the truck, crossed partially over an unbroken double line in the center of the highway and collided head on with the plaintiff who was driving her car in the opposite direction. Defendant admits that Floyd was on the defendant's business and acting within the scope of his employment. Floyd was thereafter convicted of reckless driving in the County Court of Loudon County, Virginia, on charges based on the accident.

Plaintiff, who was 21 at the time of the accident, was extremely seriously injured and she is suing for two million dollars damages. She was taken by ambulance to Doctors Hospital in Washington, D. C. and was found to be almost completely paralyzed. For some time she was not only paraplegic but virtually quadraplegic. Her parents arranged for Dr. James Lawrence Pool, Chairman of the Department of Neurology at Columbia

Presbyterian Medical Center, and a leading Neuro-Surgeon, to see her in Washington. After three weeks in the Washington hospital, upon Dr. Pool's advice she was removed by ambulance to the Neurological Institute at Columbia Presbyterian Medical Center in New York. She was a patient there for seven months and was under the care and treatment of several distinguished specialists in various fields. Two operations on the cervical spinal cord were performed and extensive traction and body rotation procedures were employed in an effort to restore the motor function in her arms, hands and legs.

After her discharge from the Neurological Institute, plaintiff still had a long way to go. In September, 1963, on the advice of her physicians, she commenced a concentrated course of physical therapy at the Rehabilitation Center of the Neurological Institute. She took a two and one-half year lease on a small apartment in New York to enable her to pursue her physical therapy treatments until further progress is no longer possible. Thus, while she remains a citizen of Virginia, she is temporarily a resident of this district. It is not presently possible to forecast how long her course of physical therapy treatments will take and her eventual full recovery is at best very doubtful.

On December 24, 1963, more than a year after the accident occurred and some time after she had made arrangements to reside here temporarily she commenced this action. Defendant interposed an answer denying liability and pleading contributory negligence and aggravation of plaintiff's injuries through her own fault. The present motion to transfer followed.

■■ The general principles governing motions for transfer under § 1404(a) are by now so well settled and have been discussed at length so frequently that it would serve no good purpose to repeat them here. See, e. g., Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Lykes Brothers S. S. Co. v. Sugarman, 272 F.2d 679 (2 Cir. 1959); Schindelheim v. Braniff Airways, Inc., 202 F.Supp. 313 (S.D.N.Y.1962); Rodgers v. Northwest Airlines, Inc., 202 F. Supp. 309 (S.D.N.Y.1962); DeSousa v. Panama Canal Co., 202 F.Supp. 22, 26 (S.D.N.Y.1962).[1] In determining such a motion a plaintiff's choice of forum must be given substantial weight and will not be disturbed unless the balance of convenience and the interest of justice weighs heavily in favor of defendant. It is the defendant's burden to overcome plaintiff's choice of forum and to demonstrate that the balance of convenience so preponderates in its favor.

Apart from applicable general principles, however, the numerous cases are not particularly helpful. Each case must be decided on its own particular facts. Thus such cases as Tyrill v. Alcoa Steamship Company, Inc., 158 F.Supp. 853 (S.D.N.Y.1958) and Markantonatos v. Maryland Drydock Co., 110 F.Supp. 862 (S.D.N.Y.1953), relied on by plaintiff are not controlling.

■ In this case defendant contends that the action has no logical connection with New York and was brought in this district by the plaintiff for the purpose of securing an enhanced award of damages from a metropolitan jury. It urges that for these reasons plaintiff's choice of forum should be given less weight than would ordinarily be the case. It asserts that the principal issue in the case is that of liability and that trial should be held in the Virginia district where the accident occurred, where the majority of witnesses on that issue reside and where the court would be thoroughly conversant with the applicable Virginia law. It claims that it will be prejudiced if the case is not transferred there.

1. Here the suit might have been brought in the Virginia District and the rule of

Hoffman v. Blaski, 363 U.S. 335. 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) is satisfied.

Plaintiff, on the other hand, urges that in view of the facts as they appear the question of the amount of her damages rather than that of the liability is the principal issue in the case, that on that issue the relevant events took place in New York and almost all of the witnesses on that issue are distinguished New York professional men who actually treated her and who would find it difficult, if not impossible, to attend a trial in Virginia. It is her position that a transfer to that district would be to her substantial prejudice. She says that the action has a logical connection with this district and should be tried here and that her choice of forum was dictated by these considerations and by the fact that her temporary but indefinite residence in New York was essential for her rehabilitation from the effects of the accident and not by any desire to secure an enhanced verdict as defendant claims.

I am not impressed by defendant's suggestion that the action was brought in this district because the plaintiff was forum shopping and that her choice of forum should be given little weight for that reason. Plaintiff was brought to New York by her parents when her condition was extremely serious solely so that she could get the best treatment obtainable and be able to take advantage of every possibility of ultimate salvage. The top flight professional men at the Columbia Presbyterian Medical Center in the several relevant fields made this the logical and sensible decision under the circumstances. These men included in addition to Dr. Pool, Dr. Frank Stinchfield, the renowned orthopedic surgeon and Chairman of the Department of Orthopedic Surgery, and four other highly qualified members of the Columbia Presbyterian staff specializing respectively in urology, clinical medicine, physical medicine and rehabilitation and physical therapy. The efforts of this team of doctors have proved at least partially successful. Plaintiff herself has made every effort to push forward on the essential program of physical therapy prescribed for her attempted rehabilitation. The temporary residence which she now maintains and must indefinitely maintain here is necessary for that purpose. Incidentally, any success which she may have in her efforts at rehabilitation cannot fail to redound to the benefit of defendant.

Though plaintiff remains a citizen of Virginia and hopes to return there, she is very properly residing in New York for these very purposes. As to one of the two major issues, that of the nature, extent and permanence of the injuries, the suit has a real and actual connection with this district. Plaintiff was not only entitled to bring suit here but from her point of view this district was the logical and proper forum for this litigation. Her choice of forum is to be given full weight in determining transfer.

Moreover, under the circumstances here it might well be prejudicial to her were the case to be tried in Virginia. On the major issue of the nature, extent and permanence of her injuries the live testimony of the physicians who treated her is of vital importance to her case. Depositions would not be a satisfactory substitute. Each of these physicians has a different specialty. In a case where the injuries are as serious as this it cannot be said, as the defendant contends, that their testimony would be merely cumulative. It is quite understandable that it would be not only highly inconvenient but virtually impossible for these leading and busy physicians engaged both in active practice and in hospital and teaching responsibilities, to attend a trial in Virginia as their affidavits submitted on this motion clearly indicate. In addition, the testimony of at least some of the five nurses who cared for plaintiff, all of whom reside here, will be necessary to her case. Such testimony cannot be brushed off with the claim that the hospital records are all she needs. This is an entirely unrealistic concept of what constitutes proof of injuries and damages in a case such as this. Indeed, it is the plaintiff and not the defendant who is

entitled to determine the quality and extent of proof which is necessary to support her claims.

Moreover, assuming that the issue of liability is of equal importance with the issue of damages (and this question is surely not free from doubt under the circumstances disclosed here) defendant has not shown it will be substantially prejudiced on this issue were the case to be tried in this district. Apart from plaintiff and defendant's employee Floyd, there are nine persons who will be witnesses on the question of liability. Two of these are West Virginia residents who were driving behind plaintiff's car when the accident occurred. For all practical purposes they could be as easily produced here as in Virginia. The seven others are all residents of Virginia. Four of them, the driver of the Virginia Highway Department truck which Floyd was attempting to pass when the accident occurred, and three other Virginia Highway employees who were in the truck at the time, may be considered as eye witnesses of the accident. There is also a State engineer who came upon the scene shortly after the accident, a Virginia State Trooper who was called to the scene, and the local service station operator who came to the accident in his wrecker.

While the defendant claims that these witnesses are "unfriendly" because it has been unable to obtain statements from them, and says it does not know what they will testify to, the fact is that all seven testified in the criminal proceedings in which Floyd was convicted of reckless driving. Doubtless the defendant can obtain the testimony they gave there.

However, all of these nine are witnesses for the plaintiff who has the burden of establishing liability in any event. The plaintiff has not only stated her intention of producing these witnesses at the trial but has annexed to her papers in opposition affidavits of each of them, including the two West Virginia residents, stating that they would be willing to come to New York for a trial. Initially plaintiff will bear the expense of bringing them here. Upon their own representations that they are willing to appear and the plaintiff's representations that she will bring them here, there is every reason to suppose that they will be present at a trial here. They will thus be available to the defendant for cross-examination and the defendant will also be able to call them in its own case in the unlikely event that it should deem this to be desirable.

Defendant also lays stress on the testimony of Dr. Morris who treated plaintiff during her stay in Doctors Hospital in Washington, and who may not be available to testify here. But Dr. Morris is a witness for the plaintiff and plaintiff is quite content to take his testimony by deposition. Defendant will have ample opportunity to cross-examine him when his deposition is taken on its claim that the movement of plaintiff to New York aggravated her condition, if that claim has any substance. Floyd is the defendant's own employee. There should be no difficulty in having him and defendant's own investigator and photographer here for the trial.

I see no major obstacles to a fair, just and easy trial of the action in this district. There is no magic in having a Virginia jury pass on the questions in this case merely because the accident occurred in that state. Nor should there be any difficulty in having Virginia negligence law applied by the judge sitting in this district as defendant seems to think. They constantly handle similar problems.

Defendant has failed to show that the balance of convenience in the interest of justice weighs so heavily in its favor as to overcome the substantial weight to be given to plaintiff's choice of forum. Indeed, if anything, the balance seems to be tipped in plaintiff's favor.

The motion for transfer is denied.

It is so ordered.