**NATIONAL EQUIPMENT RENTAL, LTD., Plaintiff,**

v.

**CENTRA CAST CO. Inc. (Sam Piazza), Defendant.**

No. 64–C–580.

United States District Court E. D. New York.

June 2, 1966.

Harry M. Weisberg, Elmont, N. Y., Gerald S. Jacobs, Jamaica, N. Y., of counsel, for plaintiff.

Gerald E. Maslon, New York City, for defendant Sam Piazza.

ROSLING, District Judge.

Motion by Piazza, sole remaining defendant, a resident of Santa Clara, California, for an order transferring this action to the Northern District of Cali-

fornia, Southern Division, is brought under 28 U.S.C. § 1404(a). Defendant fails to sustain the burden which rests upon him of showing that the convenience of the parties and witnesses will be served by such transfer or that the transfer should be directed in the interest of justice as defendant urges. Additionally, the parties have by contract provided for a New York State venue. The motion is accordingly denied.

The plaintiff is a Delaware corporation doing business in the State of New York. It obtained personal jurisdiction over the defendant Piazza by service upon him of process through the mail in California. Federal jurisdiction generally rests upon diversity of citizenship with the requisite statutory minimum in controversy.

This multiple-defendant action insofar as it relates to the defendant Piazza is grounded upon a guarantee of payment executed by him in plaintiff's favor. Said guarantee reads in relevant part as follows:

"This instrument shall be deemed to have been made in Nassau County, New York, and shall be interpreted in accordance with the laws of the State of New York, and as part of the consideration for the Lessor's execution of the aforementioned lease, the undersigned Guarantor(s) hereby agree(s) that any and all actions or proceedings arising directly or indirectly from this Guaranty shall be litigated in courts having a situs within the State of New York, and the undersigned Guarantor(s) hereby consent(s) to the jurisdiction of any local, State or Federal court located within the State of New York, and the undersigned Guarantor(s) hereby waive(s) personal service of any and all process, and consent(s) that all such service of process may be made by certified or registered mail, return receipt requested, directed to the undersigned Guarantor(s) at the address(es) listed opposite the name of said Guarantor(s) listed below; and service so made shall be complete two (2) days after the same has been posted as aforesaid."

■ The foregoing provision is valid and enforceable. The public policy of the State of New York is not offended by the stipulation for local venue, nor is defendant's acquiescence, obtained presumably as a condition for plaintiff's not inconsiderable commitment of funds to the enterprise whose obligations were guaranteed, shocking to a judicial conscience. A court should, absent strong countervailing considerations, give the parties' agreement for venue its intended effect. National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed. 2d 354 (1964); National Equipment Rental, Ltd. v. Reagin, 338 F.2d 759 (2d Cir. 1964); Central Contracting Co. v. Maryland Casualty Co., 242 F.Supp. 858 (W.D.Pa.1965).

■ Even if, moreover, the express agreement of the parties did not illuminate the decisional path, application of the general principle that plaintiff's right to select the forum is a valuable one which should receive marked respect and deference would compel a denial of the motion. For removal to be justified it must appear that the balance of convenience so clearly preponderates against plaintiff's choice of forum that the transfer may not be merely a shifting of the benefit of convenience and economy in litigation from the suitor who by statute has the primary option to his adversary. See Ford Motor Co. v. Ryan, 182 F.2d 329 (2d Cir. 1950), cert. denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624; Franklin v. Blaylock, 218 F.Supp. 261 (S.D.N.Y. 1963); Rodgers v. Northwest Airlines, Inc., 202 F.Supp. 309 (S.D.N.Y.1962); Schindleheim v. Braniff Airways, Inc., 202 F.Supp. 313 (S.D.N.Y.1962); Deutsch v. Danne, 197 F.Supp. 907 (E.D. N.Y.1961); Ciprari v. Servicos Aereos Cruzeiro do Sul, S.A., 232 F.Supp. 433 (S.D.N.Y.1964). 1 Moore's Fed.Prac. (2d ed.) ¶ 0.145 [5], p. 1783, et seq.

Settle order on notice.