**WIBAU, WESTDEUTSCHE INDUSTRIE UND STRASSENBAUMACHINENGE-SELLSCHAFT mbH, Plaintiff,**

v.

**AMERICAN HOIST & DERRICK COMPANY, Defendant.**

**No. 68 Civ. 343.**

United States District Court
S. D. New York.
June 28, 1968.

Frank H. Gordon, Littauer, Gordon, Ullman & Riseman, New York City, for plaintiff.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendant.

## MEMORANDUM OPINION
## ON
## MOTION TO TRANSFER

MOTLEY, District Judge.

This is a motion by defendant to transfer this case to the District of Minnesota pursuant to 28 U.S.C. § 1404(a).[1] The motion is granted.

Plaintiff Wibau is a West German corporation with no ties to New York. It brought this action for damages alleging that defendant, a Delaware corporation with its principal place of business in Minnesota, induced Jack Noble and Noble Company of California to breach their license agreement with Wibau. Although defendant is licensed to do business in New York, it has not done business here in the last 20 years. Noble is a citizen of California. The Noble Company is a California corporation. All of defendant's officers and employees who were involved in dealings between it and Noble reside in Minnesota, where principal negotiations took place and all the files relating to this case are located. The negotiations between Noble and Wibau took place in Germany and in California. Wibau does no business in New York.

Wibau chose New York as a forum to litigate because, it alleges: 1) New York is most convenient for a European plaintiff to reach; 2) New York courts are experienced in handling commercial litigation, especially involving international law; and 3) experts on German law are plentiful in New York.

■ The provisions of 28 U.S.C. § 1404 (a) are clear, although their application to the facts of a particular case may be difficult. In any event, the movant has the burden of making a clear showing that the proposed transferee district is a more convenient one, and that the interests of justice would be better served by a trial there. Schneider v. Sears, 265 F.Supp. 257 (S. D.N.Y.1967); Rodgers v. Northwest Airlines, Inc., 202 F.Supp. 309 (S.D.N. Y.1962).

It appears from the papers before this court that whether this case is tried in New York or Minnesota, plaintiff will find trying this case inconvenient. Plaintiff's witnesses will have to travel from Europe to either New York or Minnesota and plaintiff will have to transport its records to either place.

■ Defendant, on the other hand, will not be inconvenienced if the case is tried in Minnesota, where it has its principal place of business, where its chief officers and other witnesses in-

---

1. 28 U.S.C. § 1404(a) provides:
    (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

volved in dealings with Noble are located, and where its records and files relating to this case are kept. If the case remains in New York, defendant will obviously suffer inconvenience. Its witnesses and files must be brought to New York and it must try the case away from its principal place of business. If the case is moved to Minnesota, the inconvenience to plaintiff will be only slightly more than its inconvenience would be by trial in New York. Plaintiff's European witnesses will have to fly to New York and change planes to reach St. Paul, Minnesota, adding to the flight from Germany a few or, perhaps, more hours. In other words, this case is going to be inconvenient for all parties and most witnesses to litigate in New York, with the greatest relative inconvenience falling on defendant; whereas moving it to Minnesota will make it much more convenient for defendant and only slightly more inconvenient for plaintiff. Consequently, defendant has demonstrated that the balance of convenience of the parties and witnesses preponderates in its favor. Rodgers v. Northwest Airlines, supra.

It is true that plaintiff's choice of forum is entitled to some weight, Schneider v. Sears, supra, at 266, but where, as here, plaintiff sues in a forum which is neither its home nor has any ties to the controversy, plaintiff's choice is to be accorded less weight than would ordinarily be the case. Rodgers v. Northwest Airlines, Inc., supra.

There is another factor which tips the scales in favor of Minnesota in this case. This case will undoubtedly be tried quicker in Minnesota than here. This is not a factor entitled to decisive weight in this district. S.E.C. v. Golconda Mining Co., 246 F.Supp. 54, 60 (S.D.N.Y.1965), mandamus denied sub nom. Golconda Mining Co. v. Herlands, 365 F.2d 856 (2d Cir. 1965). However, it is a factor which this court may properly consider. A. Olinick and Sons v. Dempster Bros., Inc., 365 F.2d 439, 445 (2d Cir. 1966). It is a factor which helps to determine the interest of jus-

tice. In the interest of justice, all litigants should have their cases heard and determined promptly. In the Southern District of New York, the interest of justice suffers in this regard.

This court rejects plaintiff's suggestion that this court is better equipped to handle this type of case than the District Court in Minnesota. The District Court in Minnesota is fully capable of handling international commercial litigation.

Insofar as the location of experts in German law are relevant to this motion, it is not clear that German law is involved, and, in any event, the convenience of expert witnesses is of "little or no significance" on a motion to transfer. Glickenhaus v. Lytton Financial Corp. 205 F.Supp. 102, 106 (D.Del. 1962).

Considering all the factors presented in this case, the court concludes that the convenience of the parties, the witnesses, and the interest of justice justify transfer.

So ordered.