**Ann ROSS and Carmen Ross, Plaintiffs,**

v.

**TIOGA GENERAL HOSPITAL and Dr. Miles St. John, Defendants.**

**No. 68 Civ. 515.**

United States District Court
S. D. New York.

July 10, 1968.

Standard, Weisberg, Heckerling & Rosow, Morton J. Heckerling, New York City, for plaintiffs.

Reilly & Reilly, James McAllister, New York City, for defendants.

Memorandum Opinion

MOTLEY, District Judge.

Defendant Tioga General Hospital of Waverly, New York, moves to transfer this negligence and malpractice action against it and Doctor Miles St. John, also of Waverly, from this court, 280 miles from Waverly, to the Northern District of New York in Utica, New York, 140 miles from Waverly. 28 U.S. C. § 1404(a).

Plaintiff, a resident of Secaucus, New Jersey, alleges that: 1) while vacationing in the vicinity of defendant hospital, she experienced abdominal pains and vaginal bleeding; 2) she was taken to the hospital where surgery, by Dr. St. John, was negligently performed to relieve her condition in that a uterine packing was not removed after surgery was completed; 3) the result of this al-

leged negligence and malpractice was the cause of subsequent pain and discomfort which led to medical treatment by plaintiff's doctor in Englewood, New Jersey, and further surgery by an Englewood hospital which removed the packing.

■ Defendant has raised no objections to suit here except inconvenience and hardship. As the test for transfer is always the "convenience of parties and witnesses, in the interest of justice", 28 U.S.C. § 1404(a), the parties have listed, and the court has considered, those factors which might have persuasive weight in granting or denying the motion. Herbst v. Able, 278 F. Supp. 664 (S.D.N.Y.1967).

Defendant's quest for transfer is based upon several factors: 1) the hospital is the only hospital in Tioga County; 2) Dr. St. John is the only specialist in his field at the hospital; 3) one of the witnesses is one of two anesthetists; 4) two other witnesses are two of three operating room nurses; 5) travel time by car from Waverly to New York City is eight hours; and 6) the nearest airport is 18 miles from Waverly at Elmira, New York.

Plaintiff suggests the court give weight to the following factors: 1) plaintiff's residence is in Secaucus, New Jersey, ten miles from New York City and thus far from the Northern District; 2) she was treated for the damage done to her in Englewood, New Jersey, where her treating physician and medical expert reside and who would not be able to attend trial in Utica, New York (no reason for this assertion is given); 3) Utica is 140 miles from Waverly; 4) air transportation from Binghamton, New York, the largest city near Waverly, is better into New York City than from Elmira; and 5) defendants' witnesses would have to travel whether the trial is held in Utica or New York.

Plaintiff does not dispute defendants' contention that it is the only hospital in Tioga County, that it has a very small staff, and that an emergency at the hospital could find its services seriously curtailed if several of its few staff members were 280 miles from the hospital. Plaintiff argues not so directly against the fear of the hospital that it cannot spare the witnesses for this trial at a distance of 280 miles but against defendants' main contention that a transfer would solve or alleviate the inconvenience and hardship cited. She rightfully points out that Utica is approximately 140 miles from Waverly. However, in relying on her claim that air transportation scheduling is better into New York City where this District is located than into Utica, plaintiff placed no evidence before the court. There consequently are no facts before this court from which it could conclude that air travel service would solve defendants' hardship and inconvenience problems which trial in this District pose. Being 140 miles from Waverly brings with it the advantage of traveling by road when weather, scheduling, or expenses prohibit travel by air.

Since plaintiff gives no reason why her medical experts cannot attend trial in Utica, the court finds that defendant has sustained its burden of showing that it would be more convenient and a lesser hardship for the trial to take place in Utica and that in the interest of justice the trial should be transferred there.

The law to be applied in cases of this kind is clear. The applicable statute provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

■ However, the application of this law to the facts of a particular case may be extremely difficult. It is clear, however, that a defendant cannot upset a plaintiff's choice of a forum without a convincing showing that for its convenience and/or the convenience of its witnesses and in the interest of justice the venue should be changed. Schneider v.

Sears, 265 F.Supp. 257 (S.D.N.Y.1967); Rodgers v. Northwest Airlines, Inc., 202 F.Supp. 309 (S.D.N.Y.1962).

Ordinarily, a plaintiff's choice of a forum is entitled to great weight, Schneider v. Sears, supra, at 266, but where, as here, plaintiff has chosen a forum which is neither her home nor the place where the cause of action arose that choice carries little weight. Rodgers v. Northwest Airlines, Inc., supra.

The fact that normal hospital conditions or an emergency may prevent the hospital from being able to spare its only obstetrician and one of two anesthetists, and two of three operating room nurses means that there is the possibility that the interest of justice might well suffer in this case. If it develops that the inconvenience to defendant arising out of trial in Utica becomes acute, defendant hospital can present that emergency to the court in Utica pursuant to 28 U.S.C. §§ 141, 142. See United States v. Tomaiolo, 249 F.2d 683 (2d Cir. 1957). This case is transferred to the Northern District of New York.

So ordered.