The **FLUOR CORPORATION, LTD.,**
Plaintiff,

v.

**S/S PRESIDENT COOLIDGE,** her
engines, etc.,
and American President Lines Ltd.,
Defendants.

No. 70 Civ. 1232.

United States District Court,
S. D. New York.

July 6, 1971.

Mendes & Mount, New York City, for plaintiff.

Cichanowicz & Callan, New York City, for American President Lines, Ltd.

## MEMORANDUM

GURFEIN, District Judge.

This is a motion for an order pursuant to Title 28 U.S.C. Section 1404 transferring the matter to the United States District Court, Central District of California, located in Los Angeles, California. This is a case of cargo loss and damage and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The plaintiff and the defendant corporation are corporations incorporated under the laws of the State of California. The defendant, American President Lines, Ltd. is a corporation with an office and place of business at 29 Broadway, New York and its principal office in San Francisco with another office in Los Angeles. The American President Lines, Ltd. was the owner or operator of the S/S President Coolidge and operated her in the common carriage of goods by water for hire between the ports of Karachi, Pakistan and Los Angeles, California.

On or about December 10, 1968 Esso Pakistan Fertilizer Co. Ltd. shipped 151 pieces of machinery and machinery parts and vehicles and 3 pieces of a crane boom section on board the President Coolidge at Karachi, Pakistan for transportation to Los Angeles and delivery to the plaintiff, pursuant to certain bills of lading issued at Karachi now in the possession of the plaintiff.

It is claimed that, thereafter, the steamship President Coolidge arrived at Los Angeles and delivered the shipment in damaged condition. She called at the Port of New York on her voyage from Karachi to Los Angeles. She was delayed in New York between February 7, 1969 and February 26, 1969 because of a longshoreman's strike. The defendant American President Lines, Ltd. has an Atlantic Division whose offices are in New York. The plaintiff, The Fluor Corporation Ltd. has a place of business at 58th Street and Fifth Avenue, New York.

The venue in admiralty matters is not limited by the rules relating to civil actions (Rule 82, Federal Rules of Civil Procedure). The general admiralty practice still prevails, permitting the venue of the suit *in personam* to be laid wherever the defendant can be validly served with process. See 1, Moore's Federal Practice (2d Ed.) Para. 0.144 (13.–1). Although it is undoubted that the courts of admiralty have long had the power to reject jurisdiction as, for example, in the case where both plaintiff and defendant are foreigners, the general rule seems to be that courts of admiralty will take jurisdiction wherever the plaintiff choose the venue. The rule as to *forum non conveniens*, which applies in admiralty as well, was stated by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947):

> "It is often said that the plaintiff may not, by choice of inconvenient forum, 'vex', 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

While it would perhaps be more palatable to eliminate another case from the congested calendar of this Court, the circumstance that the S/S President Coolidge was laid up in New York for 19 days during the particular voyage (where the alleged damage may have occurred) would indicate that the plaintiff's choice of forum is not vexatious, harassing or oppressing. The Court notes, too, that the crew is, in any event, dispersed, and that with modern air travel the distance from California to New York is much shorter than it used to be.

Accordingly, the motion is denied.