SOCIETE COMMERCIALE de TRANS-PORTS TRANSATLANTIQUES (S.C.T.T.), Plaintiff,

v.

S.S. "AFRICAN MERCURY", her engines, boilers, etc.

FARRELL LINES, INCORPORATED, Defendants and Third-Party Plaintiffs,

v.

SOUTHEASTERN MARITIME CO., INC., Third-Party Defendant.

No. 73 Civ. 1261.

United States District Court,
S. D. New York.

Oct. 11, 1973.

Hill, Rivkins, Warburton, McGowan & Carey, New York City, for plaintiff; Martin B. Mulroy, New York City, of counsel.

Lilly, Sullivan & Purcell, New York City, for defendants and third-party plaintiffs; George W. Sullivan, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for 3rd party defendant; James McMahon, New York City, of counsel.

Bouhan, Williams, & Levy, Savannah, Ga., local counsel for Southeastern Maritime.

## MEMORANDUM

TENNEY, District Judge.

The third-party defendant in this action, Southeastern Maritime Co., Inc. ("Southeastern"), has moved pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Southern District of Georgia. For the reasons stated hereinafter, the motion is granted.

Briefly, the facts are as follows. Plaintiff, a French corporation with its principal place of business in Paris, brought an action under 28 U.S.C. § 1333 against defendant S.S. African Mercury, a United States merchant vessel owned and operated by defendant Farrell Lines, Inc. ("Farrell") for breach of contract of carriage. Plaintiff claims that certain cargo, for which

it was consignee, was delivered for shipment to the S.S. African Mercury in the port of Savannah in good order and condition; that the cargo arrived at the port of destination in damaged condition; and that plaintiff has sustained damages in the amount of $410,000.

Shortly after the action was instituted, both defendants impleaded Southeastern, claiming that the damage to the cargo was caused by Southeastern's carelessness in loading and securing it before it left Savannah. In addition to their claim for indemnification, both defendants allege a second claim for relief against Southeastern for damage to the vessel and for damage due to the delay caused by Southeastern's faulty work in loading and securing the cargo. . Southeastern, which had been engaged by defendants to perform stevedoring, carpentry and securing operations in Savannah, claims that its employees duly loaded the cargo but that they were ordered from the vessel before the cargo could be secured properly.

Defendant Farrell is a New York corporation with its principal place of business in New York. Southeastern is incorporated in Georgia and has its principal place of business in Savannah but it is not licensed to, nor does it, do any business here. In order to obtain jurisdiction over Southeastern, therefore, Farrell obtained an order of attachment under Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966), upon an insurance policy issued to Southeastern by a company which is licensed to do business in New York.

Southeastern moved to transfer the case upon the grounds that (1) retention of this case in New York will cause it great hardship because it does no business in New York and because all of its witnesses live in or near Savannah; (2) the sole contact that Southeastern has with New York is the fact that its insurer is located here; (3) the only connection that this case has with New York is the fact that Farrell is located here; (4) most of the relevant events occurred in or near the port of Savannah; and (5) plaintiff, a foreign entity which apparently does no business in New York, can have no real interest in the venue of the action. Both plaintiff and Farrell oppose this motion upon the grounds that the plaintiff's choice of venue is entitled to great weight, their witnesses are located in or near New York and all of their records are located in New York.

The applicable statute, 28 U.S.C. § 1404(a), states that:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Therefore, in order to determine whether this action is transferable, the Court must first decide whether plaintiff could have instituted its action in the Southern District of Georgia.

■■ Because this is an admiralty or maritime action, venue is proper in any district where valid service of process could have been made upon Farrell. Fluor Corporation, Ltd. v. S/S President Coolidge, 52 F.R.D. 538, 539 (S.D.N.Y. 1971); 1 Moore's Federal Practice ¶ 0.144 [13.–1] (2d Ed. 1972). No admiralty rule governs the place where a corporation may be served with process but admiralty practice is substantially similar to that existing under Fed.R. Civ.P. 4. Patel Cotton Co. v. The Steel Traveler, 107 F.Supp. 191, 193 (S.D.N. Y.1952). Under Fed.R.Civ.P. 4(e), "Whenever a statute . . . of the state in which the district court is held provides (1) for service of a summons . . . upon a party not an inhabitant of or found within the state, . . . service may . . . be made under the circumstances and in the manner prescribed in the statute . . . ." The issue is, therefore, whether Farrell is subject to the jurisdiction of the Georgia state courts.

Farrell claims that it does not maintain an office in Savannah, Georgia,

However, it is clear that Farrell is doing business in Georgia, both directly and through its agent, Southeastern. *See* Griffin v. Air South, Inc., 324 F.Supp. 1284 (N.D.Ga.1971). Farrell's vessels make port visits to Savannah on a continuing basis; Farrell's port captains personally supervise loading and discharge operations in Savannah on approximately 50% of the port calls; and Farrell is listed in the Savannah telephone directory and its name appears on the door of Southeastern's office. The telephone listing indicates that Southeastern acts as Farrell's agent. As agent, Southeastern arranges for the docking, berths, pilots and tugs for all of Farrell's vessels in Savannah. An employee of Southeastern is the Line Manager for Farrell and spends approximately 50% of his time on Farrell matters.

In addition, Farrell would have been amenable to service of process under Georgia's "long arm statute", Ga.Code Ann. § 24–113.1, which provides in pertinent part that:

"A court of this State may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts . . . enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he:

(a) Transacts any business within the State . . . ."

Plaintiff's cause of action against Farrell arose out of its transaction of business in Savannah, Georgia, to wit: the loading of the cargo on board the S.S. African Mercury at the Port of Savannah.

Because defendant Farrell would have been subject to personal jurisdiction in Savannah, Georgia, where the transferee district is located, venue in the District Court of the Southern District of Georgia would therefore have been proper.

Under 28 U.S.C. § 1404(a), the Court must also consider the convenience of the parties and witnesses and the interest of justice. As stated in United States v. General Motors Corporation, 183 F.Supp. 858, 860 (S.D.N.Y.1960):

"The principal desiderata are: relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; cost of obtaining attendance of witnesses; possibility of a view, if appropriate; and all other practical problems that would make the trial of a case easy, expeditious and inexpensive. In appraising the factors of public interest, it is also appropriate to give some consideration to the relative state of trial calendar congestion in the districts involved."

The moving party has the burden of showing that transfer to another district is appropriate. Foster v. United States Lines Company, 188 F.Supp. 389, 391 (S.D.N.Y.1960). Southeastern has clearly met that burden.

With respect to the question of convenience, both plaintiff and Farrell claim that it would be inconvenient for them to have the case tried in Georgia. Plaintiff, in support of this argument, names three witnesses which it expects to call at trial but its affidavit does not indicate the import of their testimony. Defendant Farrell states that all of its operations and records are centralized in New York so that it would be costly for it to proceed to trial in Savannah. Neither party, however, gives any persuasive reason for keeping the action in New York. They simply rely upon the general proposition that a plaintiff's choice of venue is entitled to great weight. Because, however, this plaintiff has no connection with New York and will have to pursue its cause of action in a foreign jurisdiction in any event and because the cause of action has only the slightest of connections with this forum, plaintiff's choice need not be accorded as much weight as it ordinarily would. Wibau, Westdeutsche Industrie v. Amer-

ican Hoist & Derrick Co., 293 F.Supp. 273, 275 (S.D.N.Y.1968).

In contrast to plaintiff and Farrell, Southeastern has submitted affidavits which detail the witnesses whom it expects to testify for it, the nature of the witnesses' expected testimony and the relevance of that testimony to the case. Many of the witnesses which it intends to call live in or near the port of Savannah. They include the assistant stevedoring superintendent in charge of loading and lashing operations, the stevedoring superintendent, the header in charge of the loading gang, the header in charge of the lashing of the cargo, the pilot and the docking master. Most, if not all, of these persons have firsthand knowledge of the events from which plaintiff's claim arose. Moreover, it appears that some of Southeastern's witnesses would not be amenable to subpoena issued from this district so that Southeastern might have to defend by deposition. *See* Welch v. Esso Shipping Co., 112 F.Supp. 611, 612 (S.D.N.Y. 1953). Finally, all of the events leading up to the original and third-party claims occurred in Savannah, Georgia. On balance therefore, it would seem that trial in Georgia would be most convenient.

■ Another relevant consideration is the matter of calendar congestion. It is probable that this case will reach trial in Savannah more quickly than it would reach trial if it were retained in New York. Although the degree of calendar congestion is not entitled to decisive weight, "[i]t is a factor which helps to determine the interest of justice. In the interest of justice, all litigants should have their cases heard and determined promptly. In the Southern District of New York, the interest of justice suffers in this regard." Wibau Westdeutsche Industrie v. American Hoist & Derrick Co., *supra*, 293 F.Supp. at 275.

■ Transfer of this action to the Southern District of Georgia is warranted for a third reason. Southeastern is now a party to this suit solely by virtue of Farrell's attachment of its insurance policy, issued by an insurer which is licensed to do business in New York. Thus, Southeastern, which has only the most minimal of connections with New York, must defend in a district selected by a plaintiff which cannot really care where the case is tried and a defendant which itself has substantial business connections with Savannah, Georgia. In Minichiello v. Rosenberg, 410 F.2d 106, 119 (2d Cir.) (en banc), cert. denied, 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed.2d 94 (1969), the Court stated in dictum that the possibility of transfer under § 1404(a) is one factor which can mitigate some of the undesirable consequences of Seider v. Roth, *supra*. *See also* Ryer v. Harrisburg Kohl Brothers, Inc., 307 F. Supp. 276 (S.D.N.Y.1969). This is one case in which transfer would mitigate the harsh effects of a *Seider* attachment. Plaintiff cannot really complain because he must try his action in a foreign forum in any event; although Farrell denies that it has an office in Georgia, it in fact "does" or "transacts" business there; and the cause of action arose in Savannah, Georgia. All of these factors militate against retaining this action in New York. Indeed, in view of the fact that Southeastern would be subject to *in personam*, rather than *quasi in rem*, jurisdiction in Georgia, it is difficult to understand why Farrell opposes the transfer.

For the reasons stated above, therefore, the Court concludes that the convenience of the parties and the witnesses and the interest of justice justify transfer of this action to the Southern District of Georgia.

So ordered.