**AMSTAR CORPORATION, Plaintiff,**

v.

**SS ALEXANDROS, her engines, boilers, etc., Nava Shipping Co., Ltd. and Marine Trading, Ltd., Defendants.**

**MARINE TRADING, LTD., Third-Party Plaintiff,**

v.

**SUGAR CHARTERING, INC., Third-Party Defendant.**

**No. 77 Civ. 1524 (KTD).**

United States District Court, S. D. New York.

Sept. 1, 1978.

---

Atkins, Weymar & McDonald, New York City, for plaintiff; Joseph B. McDonald, New York City, of counsel.

Healy & Baillie, New York City, for defendant Marine Trading, Ltd.; Walter I. Skinner, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge.

Plaintiff Amstar Corporation brings this action for damages and shortage to a bulk shipment of sugar carried aboard the M. V. Alexandros T against the ship, her owners and various parties who had chartered the vessel. The action is posited under the Carriage of Goods by Sea Act 46 U.S.C. § 1300 *et seq.*

The defendant, Marine Trading, Ltd. has moved pursuant to 12(b) of the Federal Rules of Civil Procedures to dismiss the complaint for lack of personal jurisdiction; for insufficient service of process; and, for failure to state a claim upon which relief may be granted.

During all of the relevant period the M. V. Alexandros T was chartered by Marine Trading, Ltd. as charterers from the Eastern Mediterranean Maritime Limited as disponent owners under a time-charter party dated February 27, 1976. Thereafter on March 3, 1976 Marine Trading, Ltd. in turn subchartered the vessel to Sugar Chartering, Inc. [hereinafter referred to as "Sugar Chartering"] the third-party defendant in this action.

Sugar Chartering as subcharterer of the vessel thereafter ordered the vessel to call at Puerto Barrios, Guatemala where the cargo in issue was loaded on board. A clean bill of lading, dated March 22, 1976, was issued and signed on behalf of the Master by Transmares S. A. The cargo was thereafter discharged at the port of Philadelphia, Pennsylvania. It is claimed by the plaintiff that upon discharge this cargo was found to be damaged and short.

The plaintiff has tried to climb the ladder of the various charters by alleging that the bill of lading in question incorporates into its terms the provision of the various charters and subcharters. It is further asserted that since the subcharter party between the movant Marine Trading and Sugar Chartering was executed in New York that this constitutes the transaction of business within the State of New York so as to bring the defendant Marine Trading within the reach of the long arm state of New York. New York Civil Practice Law and Rules § 302(a)(1) (McKinney 1972).

Other than the subcharter by the movant to Sugar Chartering and the fact that that subcharter was executed in New York there appears to be no substantial contacts between the complained of actions and the State of New York. As pointed out before, the bill of lading was issued at Puerto Barrios, Guatemala and the shortage was discovered at Philadelphia, Pennsylvania. There is no indication that the voyage of the M. V. Alexandros T in any way touched the Port of New York or the State of New York.

The long arm statute of New York provides that before transaction of business in New York will give rise to *in personam* jurisdiction, the claim must have a logical nexus to the New York business transacted. More specifically, the claim must arise out of that transaction of business. *See, e. g., Reiner & Co. v. Schwartz*, 41 N.Y.2d 648, 394 N.Y.S.2d 844, 363 N.E.2d 551 (1977).

Even assuming that Marine Trading was somehow a party to the issuance of the bills of lading in question, it is clear that they were issued in Guatemala and that the shortage was discovered in Pennsylvania. Thus, even under the most liberal reading of the *Reiner* case there was no transaction of business in New York to confer *in personam* jurisdiction. The issuance of the bill of lading and the discovery of the shortage constitutes transactions wholly separate and distinct from a subcharter which was executed in New York. The mere invocation of the terms of the subcharter therein is of no consequence in the plaintiff's quest for a jurisdictional basis. *See, e. g., Grand Bahama Petroleum Co. v. M. V. Kriti Sky*, Civil No. 76–4707 (S.D.N.Y. December 16, 1977) *aff'd*, 580 F.2d 1044 (2d Cir. 1978).

Since there is a total absence shown by the complaint of personal jurisdiction over Marine Trading, I need not reach the other issues raised in the motion.

Accordingly, the defendant Marine Trading's motion is granted.

IT IS SO ORDERED.