GIPROMER, Plaintiff,

v.

SS TEMPO, her engines, boilers, etc.;
Scheepvaart Bedrijf Tempo; and Sea-
trade Groningen B. V., Defendants.

No. 79 Civ. 5409 (LFM).

United States District Court,
S. D. New York.

April 16, 1980.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City by George W. Clarke, New York City, for plaintiff.

Freehill, Hogan & Mahar, New York City by William L. Juska, New York City, for defendants.

## OPINION

MacMAHON, Chief Judge.

Defendants Scheepvaart Bedrijf Tempo ("Bedrijf") and Seatrade Groningen B.V. ("Seatrade") move for dismissal of the complaint as against them for lack of personal jurisdiction, pursuant to Rule 12(b)(2), Fed. R.Civ.P. Plaintiff cross-moves to transfer this action to the United States District Court for the District of Maine, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

Plaintiff does not dispute that we lack personal jurisdiction over defendants Bedrijf and Seatrade in this admiralty or maritime claim[1] arising out of alleged damage to and shortage of cargo shipped from Maine to France in September 1978. Plaintiff is a resident of France. Defendant Bedrijf, now dissolved, was at the time in question a Netherlands corporation and the owner of the vessel SS TEMPO. During its existence, Bedrijf had no agent, office, property or bank account in New York and conducted no business here. Defendant

Seatrade, managing agent of the TEMPO at the time in question, is also a Netherlands corporation and never had an agent, office, property, bank account or business transaction in New York. The vessel has not been arrested here, is not expected to call here and in any event has been sold to third parties. Accordingly, we have no personal jurisdiction over defendants Bedrijf and Seatrade.[2] Nevertheless, we do not dismiss the complaint because under applicable law transfer is proper.

Under both §§ 1404(a) and 1406(a), plaintiff must show that transfer is "in the interest of justice" and that the action "might" or "could" have been brought in the transferee court.[3] We may transfer an action "in the interest of justice" even if we lack personal jurisdiction over the defendants[4] and whether or not venue is proper here.[5]

Early cases in this district held that absent a showing of change of circumstances after the filing of the complaint, we should deny a plaintiff's motion to transfer "in the interest of justice," at least under § 1404(a).[6] This rule seems sensible since a plaintiff initially has the choice of forum. Application of that rule here would result in denial of transfer, because the only change that plaintiff points to is defendants' sale of the vessel, which appears to have been made *prior* to the filing of the complaint.

Nevertheless, in the recent case of *Corke v. Sameiet M. S. Song*,[7] our Court of Appeals reversed a dismissal based on lack of personal jurisdiction and ordered transfer where the plaintiff had simply chosen the wrong forum. The court did not cite any change of circumstances but instead bal-

---

1. Fed.R.Civ.P. 9(h).

2. *See* N.Y. CPLR §§ 301, 302.

3. 28 U.S.C. §§ 1404(a), 1406(a).

4. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962) (§ 1406(a)); *Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 515 (4th Cir. 1955) (§§ 1404(a), 1406(a)).

5. *Corke v. Sameiet M. S. Song*, 572 F.2d 77, 80 (2d Cir. 1978).

6. *See, e. g., Harry Rich Corp. v. Curtiss-Wright Corp.*, 308 F.Supp. 1114, 1118 (S.D.N.Y.1969).

7. 572 F.2d 77 (2d Cir. 1978).

anced the relative hardships entailed in granting or denying transfer.

We think that application of the *Corke* analysis compels us to conclude that transfer would serve the interest of justice. Here, as there, refusal to transfer would seriously prejudice plaintiff in two respects. First, a new action in Maine following dismissal here would be barred by the applicable statute of limitations since more than a year has passed since the delivery of the cargo in France.[8] Second, while refusal to transfer would mean that plaintiff could not obtain personal jurisdiction here, such jurisdiction will exist in the District of Maine in that the cargo was loaded aboard the vessel there.[9]

At the same time, as in *Corke* transfer would work no hardship on defendants' ability to defend against the claim on the merits. Transfer will, of course, deprive Seatrade and Bedrijf of their defense of lack of personal jurisdiction, but this fact carried little weight in *Corke* and we accordingly give it little here.

■ Having established that transfer is "in the interest of justice," plaintiff must next show that it "might" or "could" have brought the action in the District of Maine. That is, it must show that venue and subject matter jurisdiction lay there on October 11, 1979, the date of commencement of this claim, and that defendants were amenable to personal jurisdiction there.[10] Subject matter jurisdiction obviously existed since any district court may hear an admiralty or maritime claim.[11]

■ In such claims, the venue provisions of 28 U.S.C. §§ 1391–1393 do not apply.[12] Instead, the general admiralty practice prevails, in which venue and personal jurisdiction analyses merge. If the action is *in personam*, venue lies wherever valid service could have been made upon the defendant corporations.[13] If the action is *in rem*, venue lies where seizure of the vessel is made or other property is found or a substitute for the res exists.[14]

The complaint does not state whether the action is *in rem* or *in personam*, though it would appear to be *in rem* as against the vessel and *in personam* as against the corporate defendants.[15] Were the action purely *in rem*, transfer would be improper since plaintiff has neither asserted nor shown that the Tempo or any property was found or expected to be found in the District of Maine on or about October 11, 1979.

■■ On the other hand, it appears that service could validly have been made on the corporate defendants at that time. Admiralty practice concerning the validity of service is substantially similar to that under Rule 4, Fed.R.Civ.P.[16] Under Rule 4, service on a foreign corporation in a foreign country may be made by registered mail if a statute of the forum state, here Maine for purposes of this transfer motion, provides for service on nonresident defendants.[17] Maine's long-arm statute, though intended to benefit plaintiffs who, unlike plaintiff here, are citizens of Maine,[18] does provide

---

8. *See* 46 U.S.C. § 1303(6).

9. *See infra.*

10. *American Tel. & Tel. Co. v. Milgo Elec. Co.*, 428 F.Supp. 50, 52 (S.D.N.Y.1977).

11. 28 U.S.C. § 1333.

12. Fed.R.Civ.P. 82.

13. *Societe Commerciale de Transports Transatlantiques v. S. S. "African Mercury"*, 366 F.Supp. 1347, 1349 (S.D.N.Y.1973); *Fluor Corp. v. S/S President Coolidge*, 52 F.R.D. 538, 539 (S.D.N.Y.1971); 1 Moore's Federal Practice ¶ 0.144[13.–1] (2d ed. 1979).

14. *Id.*

15. *See* Plaintiff's Aff. ¶ 4.

16. *Societe Commerciale de Transports Transatlantiques v. S. S. "African Mercury", supra*, 366 F.Supp. at 1349.

17. Fed.R.Civ.P. 4(e)(1), 4(i)(1)(D).

18. The statute provides in pertinent part:
"[T]he public interest demands that the State provide its citizens with an effective means of redress against nonresident persons who, through certain significant minimal contacts with this State, incur obligations to citizens entitled to the state's protection." 14 Maine Rev.Stat.Ann. § 704–A(1) (1980).

for service of process on nonresident defendants who are subject to the jurisdiction of Maine courts.[19]

A defendant is in turn subject to jurisdiction if it "through an agent does . . . [t]he transaction of any business within [Maine]."[20] Plaintiff contends that since the action arises out of the shipment of cargo that was loaded at Winterport, Maine onto a ship owned by defendant Bedrijf and managed by defendant Seatrade, jurisdiction would have existed there over those defendants. We agree.

The Supreme Judicial Court of Maine has not considered these precise facts, but it has held that a single sale of an ice machine by a nonresident defendant to a Maine plaintiff, preceded by solicitation and negotiation of the sale through correspondence there, constituted transaction of "any" business sufficient to found jurisdiction where the plaintiff brought a breach of warranty action alleging defects in the machine.[21] Here, of course, there is no showing of solicitation or negotiation of the shipping order in Maine, or of a sale of goods into Maine; nor is a Maine plaintiff seeking to invoke the statute. Nevertheless, defendants did avail themselves of Maine port facilities for the purpose of loading the cargo, and the action does arise out of the cargo loaded there. It is likely that had problems arisen there, defendants would have relied on Maine process to protect their rights.

■ At least one judge in this district, construing a similar long-arm statute, has held loading sufficient to establish personal jurisdiction over the ship owner in a claim for cargo damage.[22] Moreover, we think that in admiralty and maritime cases a state long-arm statute should be broadly construed, consistent of course with due process. Since state courts lack jurisdiction over such cases,[23] a state legislature is un-

likely to draft its long-arm statute with the typical admiralty case in mind, where the defendant is neither buyer nor seller but merely a carrier having necessarily limited and sporadic contacts with the state. So long as the case arises out of and is limited to goods loaded onto the defendant's ship at a port in the forum state, we think that the necessary contacts are established. Finally, transfer has been held proper without analysis of whether in rem jurisdiction over the vessel could be obtained in the transferee court.[24] Thus we conclude that the action could or might have been brought in the District of Maine for the purposes of §§ 1404(a) and 1406(a).

As should be obvious, we reach this result with reluctance. Defendants, through no fault of their own, have been forced to litigate one issue—transfer—that would not have arisen, and a second issue—personal jurisdiction—that might not have arisen, had plaintiff chosen the proper forum in the first instance. Plaintiff, having had a year since the alleged wrong to find out where these defendants would be amenable to jurisdiction and having apparently resorted to guesswork since it can point to no connection between New York and any aspect of the litigation, is now being rewarded, or at least given a second chance, for its lack of diligent research.

Nonetheless, our reading of applicable precedent compels a liberal attitude towards errant plaintiffs. We only hope that this approach does not lead to abuses of the transfer rules.

Accordingly, the motion of defendants Scheepvaart Bedrijf Tempo and Seatrade Groningen B.V. for dismissal of the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed.R.Civ.P., is denied. Plaintiff's motion for transfer to the United States District Court for the District

**19.** Id. § 704–A(3).

**20.** Id. § 704–A(2)(A).

**21.** A. F. Briggs Co. v. Starrett Corp., 329 A.2d 177 (Me.1974).

**22.** Societe Commerciale de Transports Transatlantiques v. S. S. "African Mercury", supra.

**23.** 28 U.S.C. § 1333.

**24.** Societe Commerciale de Transports Transatlantiques v. S. S. "African Mercury", supra.

of Maine pursuant to 28 U.S.C. §§ 1404(a), 1406(a), is granted.

So ordered.