ICC HANDELS, A. G., and ICC Far East (Philippines) Inc., Plaintiffs,

v.

S.S. "SEABIRD", her engines, boilers, etc., Defendant,

v.

VENAL SHIPPING CO., Retla Steamship Co., Allied Chemical, S.A., Allied Chemical Corporation and Fireman's Fund Insurance Company, Defendant.

No. 81 Civ. 1853 (KTD).

United States District Court, S. D. New York.

July 19, 1982.

Dwyer, Peltz & Walker, New York City, for plaintiffs; Alexander Peltz, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant Retla S.S. Co.; Jane Elizabeth Lawson, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

This action, brought under 28 U.S.C. § 1333 to recover for non-delivery and dam-

age to cargo at sea, is now before this court on a motion to dismiss for lack of personal jurisdiction over two of the defendants. The plaintiffs, ICC Handels, A. G., a Swiss corporation, and ICC Far East (Philippines) Inc., a Filipino corporation, are both subsidiaries of ICC Industries Inc., a New York corporation.

Plaintiffs purchased a shipment of soda ash from defendants Allied Chemical Corporation ("Allied") and Allied Chemical, S.A. ("Allied S.A.") to be transported aboard the S.S. Seabird from Long Beach, California to Manila in the Philippines. A quantity less than that listed and paid for in the bill of lading allegedly arrived in a damaged condition in Manila in April, 1980. Plaintiffs filed suit within the one year statute of limitations[1] against numerous defendants, including Allied, Allied S.A., Venal Shipping Company ("Venal") and Retla Steamship Company ("Retla"). The latter two defendants, Venal and Retla, move pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss for lack of personal jurisdiction.

Venal, the owner of the S.S. Seabird, is a foreign corporation organized and existing under the laws of Greece with an office and principal place of business in Athens. Venal chartered the S.S. Seabird pursuant to a charter party dated February 28, 1980 to Retla for four to six months for use in international trade. Retla is also a foreign corporation, organized and existing under the laws of Liberia with an office in Switzerland and a principal place of business in London. Retla apparently also has an office in Long Beach, California. Retla in turn subchartered the S.S. Seabird to Allied

S.A. for use in transporting plaintiffs' soda ash from California to Manila. This subcharter party was also signed on February 28, 1980. While the parties agree that the subcharter agreement between Allied S.A. and Retla was signed in New York, it remains in doubt as to where the charter party between Retla and Venal was signed. Plaintiffs ask me to assume that this charter party was also signed in New York since both agreements were signed on the same day. Regardless of where these agreements were signed, however, because Venal and Retla lack sufficient minimum contacts with this forum, this court's exercise of jurisdiction is precluded. *See Internat'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

Dismissal of the instant case due to the lack of personal jurisdiction over Venal and Retla would deprive plaintiffs of a forum since the statute of limitation has run. Therefore, the case will be transferred in the interests of justice to the Central District of California, where both jurisdiction and venue appear to be proper, unless defendants can show within 20 days of the date hereof good cause why this transfer is inappropriate.

### Personal Jurisdiction

■ When no applicable admiralty rule specifies the territorial limits for effecting service of process, the issue of whether service was proper to obtain personal jurisdiction is determined in accordance with the laws of state where the district court sits: in this case, New York law. *See generally,* Fed.R.Civ.P. 4(d)(7), 4(e).[2]  J. Moore, A. Pe-

---

1. 46 U.S.C. § 1303(6).

2. Rule 4(d)(7) provides:
   (d) SUMMONS: PERSONAL SERVICE. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
   (7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held

   for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.
   Rule 4(e) provides in part:
   Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in

laez, Moore's Federal Practice ¶ .90 (2d ed. 1982); *Chilean Line, Inc. v. United States*, 344 F.2d 757, 760 (2d Cir. 1965). As a result, personal jurisdiction over the defendants[3] must rest on Sections 301 and 302 of the New York Civil Practice Law and Rules.[4] I will address these possible foundations of personal jurisdiction separately.

**1. Section 301**

Section 301[5] predicates jurisdiction on presence or consent measured by the traditional "doing business" test. In order to be found to be "doing business" within this state, "a foreign corporation . . . must transact, with a fair measure of continuity and regularity, a reasonable amount of business within this State." *Bryant v. Finnish Nat. Airline*, 15 N.Y.2d 426, 430, 260 N.Y.S.2d 625, 208 N.E.2d 439 (1965). The rationale for this standard is that a corporation which avails itself of the benefits and protection of the laws of this state by engaging in extensive dealings, must also bear the accompanying burden of defending suits here. *Frummer v. Hilton Hotels Int.*, 19 N.Y.2d 533, 538, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967); *see also Hanson v. Denckla*, 357 U.S. 235, 238, 253, 78 S.Ct. 1228, 1231, 1239, 2 L.Ed.2d 1283 (1958).

Plaintiffs have not shown that defendants are doing business within the meaning of Section 301. Neither defendant has an office, an agent, employees, or a bank account within this state. Both defendants claim that they have never conducted any business within the State of New York. Plaintiffs mistakenly believe that the defendants carry the burden of establishing that they are not present within this forum. On the contrary, the plaintiffs carry the burden of showing such contacts. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Plaintiffs assert that Retla has transacted business here prior to 1979. Whatever business Retla might have conducted at a time prior to the events which gave rise to this action, the fact remains that plaintiffs have failed to show that either Retla or Venal is presently conducting sufficient business in this state to be subject to jurisdiction under Section 301.

**2. Section 302**

Plaintiffs have also failed to sustain their burden of showing that defendants are subject to jurisdiction under C.P.L.R. § 302[6]. This section allows the state to assert jurisdiction over a nondomiciliary defendant who transacts business in the state, provided that the cause of action arises from the in-state activity. *Fontanetta v. Am. Brd. of Internal Medicine*, 421 F.2d 355, 357 (2d Cir. 1970). Plaintiffs argue that the signing of the charter party and subcharter party in New York constitute the requisite transaction from which this cause of action arises, especially since the bill of lading incorporated these charter agreements. This argument is unpersuasive. First, there is no evidence that the

either case be made under the circumstances and in the manner prescribed in the statute or rule.

3. The phrase "the defendants" is being used to refer solely to the moving parties Venal and Retla.

4. C.P.L.R. 313 permits the courts of the State of New York to assert personal jurisdiction pursuant to C.P.L.R. §§ 301 & 302 by obtaining service of process over nondomiciliaries in the same manner used to obtain service of process upon those within the state. Thus, in New York, the issue of whether service is proper to obtain personal jurisdiction over a nondomiciliary defendant hinges upon an analysis of §§ 301, 302.

5. C.P.L.R. 301 provides:

A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore.

6. C.P.L.R. 302 provides in pertinent part:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary .... Who in person or through an agent ...

1. transacts any business within the state or contacts anywhere to supply goods or services in the state ...

charter party between Venal and Retla was signed in New York. Second, and more importantly, the cause of action does not arise from the signing of these charter agreements. The fact that the bill of lading incorporated the charter agreements does not serve to bring these activities within the purview of Section 302. *See Amstar Corp. v. S.S. Alexandros*, 457 F.Supp. 717 (S.D.N.Y.1978). *See also Masonite Corp. v. Hellenic Lines, Ltd.*, 412 F.Supp. 434 (S.D.N.Y.1976); *ACLI Internat'l Inc. v. Maersk Rando, et al.*, 1981 A.M.C. 2620 (S.D.N.Y.1981). The bill of lading was not issued in New York, the damage was not discovered in New York, and the voyage of the ship in no way touched New York State or the Port of New York. Therefore jurisdiction does not properly lie in New York under C.P.L.R. § 302.

### Transfer

■ The fact that this court lacks personal jurisdiction over the defendants does not necessarily dispose of the case. If the interests of justice require, I may transfer this case to another district where it might have been brought even though this court lacks personal jurisdiction over the defendants. *See Goldlawr v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). 28 U.S.C. § 1406(a).[7] I have weighed the burdens imposed on the parties by such a move, and find that a dismissal would deprive the plaintiffs of a forum since the statute of limitations has run. A transfer to the Central District of California, however, would not seem to impair defendants' ability to defend the suit on the merits, especially in light of their contacts with that forum. *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77 (2d Cir. 1978); *Gipromer v. S.S. Tempo*, 487 F.Supp. 631 (S.D.N.Y.1980). The policy behind the statute of limitations

has been satisfied by plaintiffs filing their suit within the proscribed time period. Furthermore, the policy enunciated by the Supreme Court in *Goldlawr, supra*, that the transfer provisions of Title 28 U.S.C. exist to ensure that procedural obstacles will not impede "an expeditious and orderly adjudication of cases and controversies on their merits," *Id.* 369 U.S. at 466, 82 S.Ct. at 915, has also been served. Thus, change of venue here appears to serve the interests of justice. As stated by the Supreme Court, "[W]hen dismissal of an action would terminate rights without a hearing on the merits because plaintiff's action would be barred by a statute of limitations, 'the interest of justice' requires that the cause be transferred." *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 n.7, 85 S.Ct. 1050, 1055 n.7, 13 L.Ed.2d 941 (1965).

The Central District of California appears to be an appropriate forum for several reasons. First, the Central District of California clearly has personal jurisdiction over Retla, who has an office in Long Beach and does business within that district thereby falling within the purview of California's long-arm statute.[8] Further, both Retla and Venal have had contacts with that forum sufficient to establish a basis of jurisdiction consistent with due process. The bill of lading which provides the basis for this suit was issued in California. Also, the ship left from a port in California, so that apparently both defendants have availed themselves of the benefits of that port, and thereby the benefits and protections of that state. *Hanson v. Denckla, supra.* In *Societe Com. de Transp. Transatl. v. S.S. "African Mercury"*, 366 F.Supp. 1347 (S.D.N.Y.1973), the court held that "loading [of cargo is] sufficient to establish personal jurisdiction over the ship owner in a claim for cargo damage . . . so long as the case arises out of and is limited to goods loaded onto the defendant's

---

7. 28 U.S.C. § 1406 provides in pertinent part:
   (a) Cure or waiver of defects. The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

8. California Code of Civil Procedure § 410.10 provides that:
   A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.

ship at a port in the forum state ... the necessary contacts are established." *Id.* at 634. Here, where the cause of action did arise out of the activities in Long Beach, personal jurisdiction over both defendants appears achievable.

Second, the Central District of California also apparently satisfies venue requirements. In this admiralty action, which is *in personam*, venue lies wherever the defendant corporation could have been validly served with process. *Fluor Corp., Ltd. v. S.S. President Coolidge*, 52 F.R.D. 538 (S.D. N.Y.1971). There is no specific admiralty rule governing the place where a corporation may be served with process, but admiralty practice is substantially similar to that existing under Rule 4 of the Federal Rules of Civil Procedures. *Gipromer v. S.S. Tempo*, 487 F.Supp. at 634. Under this rule, service can be made on both Retla and Venal, thereby establishing proper venue within the transferee forum.[9]

Finally, at a pretrial conference, the plaintiffs requested that rather than dismissing the case pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, I transfer the case to California. Although the evidence before the court on this motion indicates that a transfer may be appropriate in this case, the defendants have not had the opportunity to address this issue. Accordingly, the defendants are hereby ordered to show cause in writing within 20 days of the date hereof why this case should not be transferred to the Central District of California. Without such a showing, the case will be transferred to the Central District of California. Defendants' motion to dismiss is therefore denied.

SO ORDERED.

---

**9.** Under Rule 4(d)(1) service can be made upon an agent authorized by appointment or by law to receive service of process. Since Retla has an office within the forum, presumably service can be made upon an agent within that office. Rule 4(e)(1) and 4(i)(1)(D) provide that service can be made on a foreign corporation in a foreign country by registered mail if the statute of the forum state provides for service on non-resident defendants. California's long-arm statute provides such service provisions; therefore service could be achieved on Venal. Cal. Civ.Proc.Code § 415.40.