**UNIQUE FREIGHT LINES COMPANY, INC. and Crum & Forster Insurance Company, Inc. as Subrogee, Plaintiffs,**

v.

**WHITE TIGER TRANSPORTATION COMPANY, INC., Defendants.**

No. 84 Civ. 7205 (RLC).

United States District Court, S.D. New York.

Sept. 4, 1985.

Vincent, Berg, Russo & Marcigliano, New York City, for plaintiffs; Dennis A. Cammarano, New York City, of counsel.

Judith A. Menschik, Tappan, N.Y., Gladstone & Hart, Hackensack, N.J., for defendants; Judith A. Menschik, Hackensack, N.J., of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Defendant in August, 1982 agreed to deliver for plaintiff a shipment of electronic toys from Salem, Massachusetts to a consignee in Miami, Florida. The delivery was without charge as a favor to plaintiff. When the goods reached the consignee, a number of cartons were reported missing. Plaintiff seeks to recover $13,236.90 plus interest, costs and attorney's fees. Apparently having paid the claims, Crum & Forster Insurance Company, Inc. appears as plaintiff's subrogee. Both plaintiff, Unique Freight Lines Co., Inc., and defendant, White Tiger Transportation Co., Inc., are New Jersey corporations. Both maintain their principal offices and places of business on Hackensack Avenue in South Kearney, New Jersey.

■ Federal jurisdiction in this case cannot be based on diversity since it has long been settled that there must be complete diversity between all the plaintiffs and all the defendants. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

■ Defendant is a common carrier for hire. It claims that since no bill of lading or charge was issued for the shipment, it was not a common carrier for hire as defined in the Interstate Commerce Act, 49 U.S.C. § 10102(13). That argument has no merit. Whether defendant took the instant shipment without charge, it remains a motor vehicle common carrier for hire within the meaning of the statute. While diversity jurisdiction does not exist, subject matter jurisdiction exists under the Interstate Commerce Act, 49 U.S.C. § 11707(4)(d)(1).

■ Defendant in the alternative moves to transfer the case to the District of New Jersey pursuant to 28 U.S.C. §§ 1404 and 1406. The court, pursuant to 28 U.S.C. §§ 1404 and 1406, may in its discretion order a transfer to the district in which the case could have been brought even in the absence of personal jurisdiction over a defendant. *See Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77 (2d Cir.1978); *ICC Handels A.G. v. S.S. Seabird,* 544 F.Supp. 58 (S.D.N.Y.1982) (Duffy, J.); *Metropa Co. Ltd. v. Choi,* 458 F.Supp. 1052 (S.D.N.Y. 1978) (Weinfeld, J.).

■ The Interstate Commerce Act, 49 U.S.C. § 11707(4)(d)(2)(A)(ii), authorizes litigation against an interstate carrier in the judicial district through which the carrier operates a route. Presumably defendant operates a route through this district.

No reason exists, however, for this case to be brought in this district except that plaintiff subrogee, the insurance company, is here. There is a vague allegation that the route from Salem, Massachusetts to Miami in all likelihood passed through this district. The route probably passed through the District of New Jersey as well. It makes no sense for two neighboring New Jersey corporations to be litigating in New York over a matter which has no real connection with this district or New York. Nothing pertinent to proof of the asserted claims occurred here. The parties should litigate this question in their own home territory where necessary witnesses and records are more accessible than here. The District of New Jersey provides a far more convenient forum.

Accordingly, the court in the exercise of its discretion as authorized by 28 U.S.C. § 1406 transfers this case to the District of New Jersey where it could have been brought.

IT IS SO ORDERED.