**Ewald PEITSCH, Plaintiff,**

v.

**REGENCY CRUISES INC. and Regency Maritime Corp., Defendants.**

No. 87 C 1312.

United States District Court,
N.D. Illinois, E.D.

June 25, 1987.

Rosenfield, Kaplan & Halperin, Chicago, Ill., for plaintiff.

McKenna, Storer, Rowe, White & Farrug, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

Plaintiff Ewald Peitsch brings this personal injury action against defendants Regency Cruises Inc. and Regency Maritime Corp. for damages plaintiff sustained after he fell and injured himself aboard the steamship M.V. Regent Sea, a steamship for which defendants are allegedly responsible. The injury occurred on February 19, 1986, during a Caribbean cruise, and was allegedly caused by the negligence of defendants. Plaintiff filed this action on February 12, 1987. Paragraph 3 of the complaint states that "this is a case of admiralty and maritime jurisdiction ... and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Currently before the court is the motion of defendant Regency Cruises to dismiss this action for improper venue or, in the alternative, to transfer this case to the Southern District of Florida under 28 U.S.C. § 1404(a). For the reasons stated below, the motion is granted.

Although defendant's primary motion is the motion to dismiss for improper venue, virtually no legal argument is devoted to this issue. Furthermore, the briefing presented to the court on the separate transfer issue (which defendant incorrectly labels "forum non conveniens") is unimpressive. The court need not address the transfer motion because it finds the primary motion to dismiss for improper venue to be dispositive, notwithstanding the parties' failure to explore this issue adequately in their briefs. The court must address the venue problem because not only has defendant moved to dismiss for lack of venue, but this court cannot transfer a case under 28 U.S.C. § 1404(a), as defendant has requested, unless venue is proper in this district. Having said this, the court now addresses the venue issue.

Under Fed.R.Civ.P. 9(h),

A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement

identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims....

Although plaintiff admits that jurisdiction in this case is founded on both diversity of citizenship and admiralty law, see Pl.Br. ¶ 1, he has chosen to identify his single-count complaint as an admiralty and maritime claim. *See* Compl. ¶ 3. Plaintiff has the right, but not the obligation, to so identify his claim as an admiralty claim. *See* Rule 9(h) Advisory Committee Notes to 1966 Amendment; 28 U.S.C. § 1333. But once plaintiff has decided to identify his claim as admiralty, there are specific procedural consequences. *See* 2A Moore's Federal Practice, ¶ 9.09 at 2–62 through 2–68 (2d ed. 1986). One of those consequences is that Fed.R.Civ.P. 82 applies. That rule provides that "[a]n admiralty or maritime claim within the meaning of Rule 9(h) shall not be treated as a civil action for the purposes of Title 28 U.S.C. §§ 1391–93." Put another way, the general venue statute (28 U.S.C. §§ 1391–93) does not apply to identified admiralty and maritime claims, such as plaintiff's case here. Instead, there are separate venue rules that federal courts have developed for admiralty cases. Under those rules, "venue of admiralty actions in personam is in any district where the respondent is found and service of process is made on him, or in any district where respondent's property or credits are attached." 1 Moore's Federal Practice, ¶ 0.144[13.–1] at 1526 (2d ed. 1986); *Meaammaile v. American Samoa*, 550 F.Supp. 1227, 1232 (D.Hawaii 1982); *Societe Commerciale de Transports Transatlantiques v. S.S. "African Mercury"*, 366 F.Supp. 1347, 1349 (S.D.N.Y.1973). As the formulation of this test indicates, the general admiralty practice is to merge the analyses of venue and personal jurisdiction. *See Gipromer v. S.S. Tempo*, 487 F.Supp. 631 (S.D.N.Y.1980). Thus, "[a]n admiralty action can be maintained against a foreign corporation in any United States district court that can obtain personal jurisdiction over the corporation." 1 Moore's Federal Practice, ¶ 0.144[13–1] at 1527 n. 9 (2d ed.

1986); *Bartlett-Collins Co. v. Surinam Navigation Co.*, 381 F.2d 546 (10th Cir. 1967). Fed.R.Civ.P. 4 governs the determination of whether a foreign corporation sued in a maritime action is amenable to service of process in this district. 1 Moore's Federal Practice, ¶ 0.144[13–1] at 1527 n. 9 (2d ed. 1986).

In this case, Regency Cruises is a Delaware corporation. *See* Aff. of Hanns Hahn, Operation Manager for Regency Cruises, ¶ 2. Regency Cruises is also a resident of Miami, Dade County, Florida and does business in that county. *Id.* Significantly, Regency Cruises is not qualified or licensed to do business in the State of Illinois. *Id.* ¶ 3. This evidence suggests that Regency Cruises does not reside in this district. The real question, though, is whether Regency Cruises is subject to service of process in this district under Rule 4, since this is the test for whether venue over a foreign corporation in an admiralty action lies in this district.

Plaintiff has failed to put forth any evidence whatsoever tending to show that Regency Cruises is subject to this court's personal jurisdiction under Rule 4. (Of course, Rule 4 incorporates the provisions of the Illinois Long-Arm Statute, Ill.Rev. Stat. ch. 110, ¶ 2–209). Indeed, the complaint does not even allege that Regency Cruises "transacted business" with plaintiff in Illinois. *See* Ill.Rev.Stat. ch. 110, ¶ 2–209(a)(1). The complaint merely asserts that plaintiff "paid the compensation required to be paid to the Defendants, Regency Cruises Inc. and Regency Maritime Corp., for a caribbean cruise upon said M.V. Regent Sea." Compl. ¶ 4. Furthermore, plaintiff has also failed to put forth any evidence suggesting that Regency Cruises has property in this district that has been or even can be attached. Thus, plaintiff has failed to show that any of the bases for establishing venue in an admiralty case are present here.

The burden of establishing personal jurisdiction is always on the party asserting it, in this case the plaintiff. *Nelson by Carson v. Park Industries, Inc.*, 717 F.2d 1120 (7th Cir.1983), *cert. denied,*

465 U.S. 1024, 104 S.Ct. 1278, 79 L.Ed.2d 682 (1984). Also, once venue is challenged, the plaintiff bears the burden of proving the propriety of venue. *See Mowrey v. Johnson & Johnson,* 524 F.Supp. 771 (W.D. Pa.1981); *Hodson v. A.H. Robins Co.,* 528 F.Supp. 809 (E.D.Va.1981), *aff'd* 715 F.2d 142 (4th Cir.1983). Although in this case defendant has challenged venue, as the court discussed earlier, the venue analysis actually turns on whether personal jurisdiction exists. Thus, if there were a difference in who bore the burden of proof on venue and personal jurisdiction, the rule applying to the personal jurisdiction question would apply. But as it turns out, there is no difference; the burden rests on the plaintiff once either venue or personal jurisdiction is objected to. In this case, although defendant raised the venue issue in its motion to dismiss, and although plaintiff has voluntarily chosen to characterize his action as one in admiralty, plaintiff has failed to put forth any evidence showing the venue is proper here (i.e., that this court has personal jurisdiction over Regency Cruises under Rule 4). Indeed, the evidence that Regency Cruises has proffered suggests that, since it is not qualified to business in this district, there may not be any basis for asserting personal jurisdiction over it. Because the burden of establishing personal jurisdiction and venue is on plaintiff, and because plaintiff has failed to establish these, the court concludes that venue is not proper in this district.

Under 28 U.S.C. § 1406(a), a federal district court has the power to transfer a case to a venue-proper district if venue does not lie in the district in which plaintiff chose to file suit. Since Regency Cruises admits that it does business and resides in Florida, it appears that, under the traditional admiralty rules for venue, venue would be proper in that district. Therefore, in the interest of justice and to prevent unnecessary delay in this case, I will order that this case be transferred to the Southern District of Florida.

Given the parties' complete failure to address the venue problem properly, I recognize that this opinion may inform plaintiff of the inquiry relevant to the problem of venue in the admiralty context. Plaintiff is advised that if he wishes to bring to the court's attention certain facts that might have affected this venue outcome, he must do so by way of a Federal Rule of Civil Procedure 59(e) motion, and explain why he did not bring that evidence to the court's attention sooner. Furthermore, such a motion must be filed within ten days of the docketing of this order.

## CONCLUSION

Motion of defendant Regency Cruises to dismiss for improper venue is granted. However, under 28 U.S.C. § 1406(a), this action is transferred to the United States District Court for the Southern District of Florida.